(No. 22816.—)

THE J. A. BURGESS COMPANY *et al.* Appellants, *vs.* KNOWL-
TON L. AMES, Director of Finance, *et al.* Appellees.

*Opinion filed February 21, 1935.*

BENJAMIN F. J. ODELL, for appellants.

OTTO KERNER, Attorney General, (MONTGOMERY S.
WINNING, and JAMES G. SKINNER, of counsel,) for ap-
pellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

The appellants in this court, who were the plaintiffs in
the circuit court, are engaged in the respective businesses
of blue-printing, photostating and commercial photography.
They joined in a suit seeking to enjoin the Department of
Finance of the State of Illinois and its director, the At-
torney General, and other public officials, from collecting
a retailer's occupation tax from twenty-nine different per-
sons and corporations engaged in the businesses mentioned.
A motion to dismiss, in the nature of a demurrer, was filed
to the petition and sustained. Thereupon, the appellants

having elected to stand by their petition, a decree was entered against them, from which the appeal is taken direct to this court.

The question for our determination is whether or not the appellants are persons engaged in the business of selling tangible personal property at retail, within the meaning of and as defined in the Retailers' Occupation Tax act.

It appears from the record that the business of blueprinters consists of making positive prints from tracings or drawings furnished by the customer, the reproductions being upon sensitized paper. The photostaters likewise use sensitized paper, reproducing by photographic processes legal or other documents, drawings, sketches, or whatsoever the customer desires to have reproduced with exactness. Commercial photographers invent arrangements or poses for the pictures which they make, owning or controlling their necessary properties, hiring models, and by appropriate means producing photographs used for advertising and commercial purposes. It is customary among commercial photographers to retain title to the picture but to license its reproduction for advertising purposes, giving the customers nothing more than such a right of reproduction.

To sustain its ruling against the appellants the Department of Finance depends upon what is known as the English rule in regard to sales as distinguished from the so-called New York rule or the Massachusetts rule. No cases are cited to indicate that any rule has as yet been laid down in construing an occupational tax such as ours, or a sales tax in States where a sales tax has been adopted. The rules which are discussed in the briefs have been developed in connection with the application of the Statute of Frauds and in determining whether or not there had been a sale under the circumstances of each case. In our opinion it is unnecessary to discuss these various rules. Our Retailers' Occupation Tax act contains its own definition of a sale and thus renders a consideration of these cases inappropriate.

The raw material with which blue-printers and photostaters work is sensitized paper of such a chemical character as to be destroyed for any further use when exposed to light. It is alleged in the bill and admitted by the motion to dismiss that they have no property right in the sketch, drawing or other document which is brought to them to be reproduced or copied. By the use of their apparatus and the destruction of sensitized paper they produce for each individual customer the required copies of the customer's own property. It is the contention of the department that the paper, with the reproduction on it, is the subject of sale; but this can hardly be true under the act we are considering, because the paper is destroyed when the exposure is made, and it has no further use or value to anyone other than the person interested in that particular reproduction. We can perceive no logical difference between the paper upon which a photostatic copy of something is made or a blue-print produced, and that paper which a lawyer uses for writing a will or deed, a doctor for writing a prescription, or an abstracter for showing a chain of title. The paper is a mere incident; the skilled service is that which is required.

There is even less room for argument as to the case of commercial photographers. As above pointed out, they exercise an art whereby photographs are produced which are calculated to be of such quality and have such characteristics as to make them desirable for advertising or commercial purposes. The photographer hires the model rather than being paid by the person sitting for the photograph. Having produced a picture of artistic merit he then grants a license to the advertiser, retaining title to the picture itself and giving only the right to reproduce. This transaction confers upon the customer of the commercial photographer an intangible right, and while it is a propery right it is nothing more than a license, and is clearly not a transfer of tangible personal property within the meaning of the

Retailers' Occupation Tax act. *American Tobacco Co.* v. *Werckmeister*, 207 U. S. 284.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to overrule the motion to dismiss.

*Reversed and remanded, with directions.*