(No. 23598.—)
THE H. G. ADAIR PRINTING COMPANY *et al.* Appellees, *vs.* K. L. AMES, Director of Finance, *et al.* Appellants.

*Opinion filed October 27, 1936.*

WILSON, J., dissenting.

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, and WILLIAM C. CLAUSEN, of counsel,) for appellants.

BENJAMIN F. J. ODELL, and HARRY M. BROSTOFF, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

The H. G. Adair Printing Company, a corporation, and others, filed a complaint in the circuit court of Cook county against the Director of Finance and the Attorney General

of the State to enjoin them from instituting or prosecuting any suit or proceeding against the complainants to compel them to make returns to the Department of Finance of gross receipts from their vocation of printers by reason of the provisions of the Retailers' Occupation Tax act and Rule 36 of the Department of Finance, adopted in pursuance of the act. A motion by the defendants to dismiss the complaint was overruled and the injunction was issued. This appeal is from that final judgment.

The trial court properly held that this case is controlled by *Burgess Co.* v. *Ames,* 359 Ill. 427, as there is no substantial difference in principle. In that case, referring to blue-printers, we said: "The paper is destroyed when the exposure is made, and it has no further use or value to anyone other than the person interested in that particular reproduction." The same is true of the work carried on by appellees. Copy for printed matter is delivered to them, and in the process of carrying out their contract of service they use ink for the purpose of destroying plain paper so far as its commercial value is concerned. From that time it is of no use or value to any person other than the one for whom the printing is done. It should be apparent that letter-heads, circulars, mail-order catalogues, printed briefs for an attorney, or any other special printed matter, would be without commercial value, and it follows that the printer is engaged only in service. The appellees are not engaged in the business of selling tangible personal property but in the business of printing—one of the graphic arts.

The trial judge followed and properly applied the previous holding of this court, and the judgment entered by him in the circuit court of Cook county will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WILSON, dissenting.