DUN & BRADSTREET, INC., Appellant, *v.* CITY OF NEW YORK et al., Respondents.

Argued October 13, 1937; decided November 23, 1937.

*Nathan L. Miller, William Greenough, Peter R. Gatens* and *Norman E. Gatens* for appellant. Appellant's receipts from subscribers to its service are not taxable under the local laws pursuant to the authority conferred by chapter 873 of the Laws of 1934. (*Eaton, Cole & Burnham Co.* v. *Avery,* 83 N. Y. 31; *Bradley Supply Co.* v. *Ames,* 359 Ill. 162; *Burgess Co.* v. *Ames,* 359 Ill. 427; *State* v. *Morgan,* 48 N. W. Rep. 314; *U. S. Fidelity & Guaranty Co.* v. *Commonwealth,* 139 Ky. 27; *U. S. Fidelity & Guaranty Co.* v. *Kentucky,* 231 U. S. 394.) The Local Sales Tax Laws do not impose a tax upon receipts from services rendered by the appellant and cannot be extended to do so by regulation of the Comptroller. (*Burgess Co.* v. *Ames,* 359 Ill. 427; *Iselin* v. *United States,* 270 U. S. 245; *Matter of McLean* v. *Jephson,* 123 N. Y. 142; *Matter of Swift,* 137 N. Y. 77; *Matter of Cooley,* 186 N. Y. 220; *People ex rel. Fifth Ave. Building Co.* v. *Williams,* 198 N. Y. 238; *Miller* v. *Standard Nut Margarine Co.,* 284 U. S. 498; *McFeely* v. *Commissioner of Internal Revenue,* 296 U. S. 102.) Apart from the remedial statutory provisions for declaratory judgments, equity has jurisdiction to restrain the unlawful seizure of the citizen's property by the government. (*National Bank of Chemung* v. *City of Elmira,* 53 N. Y. 49; *Matter of New York Catholic Protectory,* 77 N. Y. 342; *Bowns* v. *May,* 120 N. Y. 357; *People ex rel. Commonwealth Ins. Co.* v. *Coleman,* 121 N. Y. 542; *Matter of McLean* v. *Jephson,* 123 N. Y. 142;

_Ætna Ins. Co._ v. _Mayor_, 153 N. Y. 331; _Mercantile Nat. Bank_ v. _Mayor_, 172 N. Y. 35; _Matter of Donner-Hanna Coke Corp._, 212 App. Div. 338; 241 N. Y. 530; _Sikora Realty Corp._ v. _City of New York_, 262 N. Y. 312; _Matter of Atlas Television Co._, 273 N. Y. 51; _Educational Films Corp._ v. _Ward_, 282 U. S. 379; _Hopkins_ v. _Southern California Tel. Co._, 275 U. S. 393; _Procter & Gamble Distributing Co._ v. _Sherman_, 2 Fed. Rep. [2d] 165; _Stewart Dry Goods Co._ v. _Lewis_, 287 U. S. 9; _Union Pacific R. R. Co._ v. _Weld County_, 247 U. S. 282; _Cummings_ v. _National Bank_, 101 U. S. 153.) Apart from the right to injunctive relief, the appellant is entitled to maintain an action for a declaratory judgment under section 473 of the ¨Civil Practice Act. (_Socony-Vacuum Oil Co._ v. _City of New York_, 247 App. Div. 163; 272 N. Y. 668; _James_ v. _Alderton Dock Yards_, 256 N. Y. 298; _Brownell_ v. _Board of Education_, 239 N. Y. 369.)

_Paul Windels, Corporation Counsel_ (_Oscar S. Cox, Edmund B. Hennefeld_ and _Sol Charles Levine_ of counsel), for respondents. Plaintiff's receipts from the licensing of the use of reference books and from the furnishing of individual reports, are taxable, and the complaint was, therefore, properly dismissed for insufficiency. (_Matter of United Artists Corp._ v. _Taylor_, 273 N. Y. 334; _People ex rel. Walker Engraving Corp._ v. _Graves_, 243 App. Div. 652; 268 N. Y. 648; _People ex rel. Foremost Studio, Inc._, v. _Graves_, 246 App. Div. 130; _Howitt_ v. _Street & Smith Publications, Inc._, 251 App. Div. 461; _Matter of Mendoza Fur Dyeing Works_ v. _Taylor_, 272 N. Y. 275.) The Appellate Division properly denied a declaratory judgment because the remedy of certiorari specifically prescribed by the local laws is generally exclusive, is plainly adequate to plaintiff's needs and is to be preferred. (_People ex rel. Staten Island R. T. Ry. Co._ v. _Taylor_, 247 App. Div. 405; _New York R. T. Corp._ v. _City of New York_, 275 N. Y. 258; _U. S. Trust Co._ v. _Mayor_, 144 N. Y. 488; _First Nat. Bank_ v. _Weld County_, 264 U. S. 450;

*Gorham Manufacturing Co.* v. *State Tax Comm.*, 266 U. S. 265; *Providence Engineering Corp.* v. *Downey Shipbuilding Corp.*, 8 Fed. Rep. [2d] 304; *Westchester Mortgage Co.* v. *Grand Rapids & Ionia R. R. Co.*, 246 N. Y. 194; *Reed* v. *Littleton*, 275 N. Y. 150; *Bradley Lumber Co.* v. *National Labor Relations Board*, 84 Fed. Rep. [2d] 97; 299 U. S. 559; *Matter of United Artists Corp.* v. *Taylor*, 273 N. Y. 334; *Matter of Mendoza Fur Dyeing Works*, v. *Taylor*, 272 N. Y. 275; *Matter of Merchants Refrigerating Co.* v. *Taylor*, 275 N. Y. 113.)

HUBBS, J. This is an action by appellant for an injunction and declaratory judgment to determine whether it is taxable under the local law of the city imposing a sales tax on services. The respondents moved to dismiss the complaint on the ground that it shows that the receipts of appellant were taxable and also that the appellant was not entitled to relief by declaratory judgment or injunction. The Special Term denied the motion on the ground that the type of services rendered by appellant was not included in the local law and could not be included by regulations issued by the Comptroller. The Appellate Division reversed upon the ground that no facts were shown warranting either a declaratory judgment or injunctive relief. This being a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice, the allegations of the complaint are to be taken as true. The allegation of the complaint is that the business of appellant is that of rendering services in furnishing information as to the financial standing of persons engaged in business.

The complaint sets forth a copy of the contract entered into between appellant and its subscribers, which provides that the subscriber employs the appellant to investigate and furnish reports up to a certain number for a certain sum, and one dollar and twenty-five cents for a report on each name over and above the number specified. It also provides that the information furnished " shall be

held in strict confidence," and that appellant reserves the right to terminate the subscription at any time and to recall the printed volumes loaned to the subscriber. The complaint alleges that the appellant is a mercantile agency which furnishes to its subscribers information respecting the financial standing of persons engaged in business; that each subscriber is entitled to reference books published by the company, the title to which remains in appellant; that no charge is made for the use of such reference books separate and apart from the service charge and that such reference books cannot be obtained separate and apart from the services furnished to subscribers; also that the subscriber is warned by a printed notice contained in each reference book not to rely upon the ratings contained in the book as changes in ratings vary at an average of over 5,000 each day and, therefore, that in cases involving credit, the subscriber should consult the detailed reports in the possession of appellant.

Briefly stated, the complaint alleges that the company is engaged in furnishing confidential information to its subscribers as to the financial standing and credit of persons with whom the subscribers may intend to transact business or furnish credit. In the case of *Eaton, Cole & Burnham Co.* v. *Avery* (83 N. Y. 31) this court stated that the business of the petitioner was so well known that it would take judicial notice of it. The court then described its business substantially as it is described in the complaint in this action.

An interesting discussion of the history and development of appellant's business is contained in the case of *State* v. *Morgan* (2 S. D. 32, at p. 52). The questions presented for determination briefly stated are, *first*, do the local laws here involved require the payment of a tax upon the amount paid by subscribers for the services rendered to them by appellant? *Second*, if not, has the appellant sought a proper remedy?

The local laws in question were enacted under authority granted by chapter 873 of the Laws of 1934. Local Law No. 20 (published as No. 21), adopted in 1934 (Local Laws, 1934, p. 143), and amended by Local Law No. 24 (published as No. 25), adopted in 1934 (Local Laws, 1934, p. 164), imposed a tax of two per cent upon receipts from sales of certain tangible personal property and upon receipts from the services furnished by certain enumerated public utility companies. Section 1 of the local law, as amended, provides that when used in this local law,

" (d) The word ' receipt ' means the amount of the sale price of any property or the charge for any service specified in section two of this local law  *  *  *;

" (e) The word ' sale ' or ' selling ' means any transfer of title or possession or both, exchange or barter, license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, and may include the rendering of any service specified in section two of this local law."

The only service specified in section 2 is the service rendered by public utility companies therein specified. Section 11 grants to the Comptroller power to adopt rules and regulations for carrying out the local law.

Assuming to act under the authority vested in him by the local law, the Comptroller adopted and issued article 95 of the Rules and Regulations, which reads in part: " Included in the receipts upon which the tax is imposed are  *  *  *  receipts by persons engaged in the business of selling a personal service, such as a tax service, financial news service and trade service and other similar service supplemented by printed matter title to which remains in the vendor."

It is contended by respondents that appellant is liable for the tax under that rule. Prior to the adoption of article 95 of the Rules, the Comptroller had adopted and issued articles 45 and 51 of the Rules and Regulations which by their express language exclude appellant from

the payment of the tax. The rules are in direct conflict. It thus appears that respondents have been in doubt as to whether appellant and others similarly situated are subject to the tax under the local law.

It is elementary that taxing statutes when of doubtful validity or effect must be construed in favor of the taxpayers. If the local law does not by its terms impose a tax upon appellant, the Comptroller cannot by the adoption of a rule or regulation impose such a tax. Under the authority granted him by section 11, he can only enact rules and regulations " appropriate to the carrying out of this local law and the purposes thereof " (subd. a). He cannot extend the local law to cover and include those not intended to be covered by its terms. (*Bradley Supply Co.* v. *Ames,* 359 Ill. 162; *McLean* v. *Jephson,* 123 N. Y. 142, at p. 146.)

Section 2 imposes a tax on the sale of tangible personal property and upon services rendered by certain public utility companies. Section 1 defines the word " receipt " in part as " the charge for any service specified in section two." It also defines the words " sale " and " selling " and then reads, " and may include the rendering of any service specified in section two."

It is quite apparent that the local law was not intended to impose a tax on income from services rendered except by the public utility companies named. We conclude that the appellant is not liable for a tax upon the amount received for the services which it renders to its subscribers in New York city.

We are also of the opinion that it is not liable for a tax upon the sale price of tangible personal property under section 2. It is true that in rendering services to its subscribers, it delivers to them reference books, the title of which remains in appellant, but the subscribers are expressly forbidden to let any one else see or use such books and they are notified not to rely upon the ratings given in the books but in all cases when extending credit

to consult the detailed reports in the possession of appellant. No charge is made to the subscribers for the use of the reference books separate and apart from the charge for services rendered and the books cannot be obtained in any other way. The information furnished to subscribers orally, in typewriting and in the reference books is confidential and personal in character. It is not and cannot be, under the subscription contracts, disclosed to the public. The information collected by appellant at great expense is secured to enable it to furnish to its subscribers detail information to guide them in making sales and in extending credit. The information furnished is of value to the subscribers and for it they pay but not for the paper upon which the information is conveyed or for the reference books which are only guides to assist in the rendition of appellant's service. One does not think of a telephone company as a seller of books to its subscribers. It renders a service. To make that service efficient, it furnishes its subscribers with books containing a list of its subscribers with their call numbers. " The paper is a mere incident; the skilled service is that which is required." (*Burgess Co.* v. *Ames,* 359 Ill. 427, 429; *Adair Printing Co.* v. *Ames,* 364 Ill. 342; *State* v. *Morgan, supra.*)

Certainly it cannot be successfully contended that the local law clearly and undoubtedly makes appellant subject to a tax. This court, referring to a tax law in *McLean* v. *Jephson (supra),* said: " It would be contrary to the traditions of our people, as well as to principles of justice and law, to permit the liberty of the citizen to be jeopardized by a strained and doubtful construction of the statute " (p. 147).

The following cases are relied upon by respondents: *Matter of United Artists Corp.* v. *Taylor* (273 N. Y. 334); *People ex rel. Walker Engraving Corp.* v. *Graves* (243 App. Div. 652; affd., 268 N. Y. 648); *People ex rel. Foremost Studio, Inc.,* v. *Graves* (246 App. Div. 130).

In those cases it was decided that certain articles came within the act and were taxable. Those cases are clearly distinguishable upon the ground that in each the articles sold were finished products, having a market value. That type of case is distinguished in *Matter of Mendoza Fur Dyeing Works, Inc.*, v. *Taylor* (272 N. Y. 275).

As we have reached the conclusion that appellant is not taxable under the local law, it remains to determine whether an action for a declaratory judgment under section 473 of the Civil Practice Act constitutes a proper remedy.

It is undoubtedly the general rule that in cases where taxing officers have jurisdiction, their acts are not void for mere error and cannot be collaterally attacked but can only be reviewed in the manner provided by statute. It is equally well settled that if they act entirely without jurisdiction in making an assessment their act may be enjoined by a court of equity. In such a case, the rule against collateral attack does not apply. (*Matter of Donner-Hanna Coke Corp.*, 212 App. Div. 338; affd., 241 N. Y. 530; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49.)

If taxing officers act without jurisdiction, their acts are illegal and void. In such a case, certiorari is not an adequate remedy even if a proper one. (*National Bank of Chemung* v. *City of Elmira, supra; Buder* v. *First Nat. Bank*, 16 Fed. Rep. [2d] 990.)

The undisputed facts in this case make it peculiarly one where the remedy of a declaratory judgment should be granted. That remedy is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved. In such cases, pure questions of law are presented. It would be difficult to imagine a case where that remedy would be more applicable. In *Socony-*

*Vacuum Oil Co.* v. *City of New York* (247 App. Div. 163; affd., 272 N. Y. 668) we affirmed a judgment where a declaratory judgment had been granted which declared a tax under the local law here in question to be illegal. In that case the declaratory judgment was granted by the Appellate Division. In the case at bar a declaratory judgment has been denied.

Section 473 of the Civil Practice Act and rule 212 of the Rules of Civil Practice vest in the Supreme Court a certain discretion as to the allowance of a declaratory judgment. Such discretion is, however, a legal discretion, and under rule 212 the court in declining to pronounce a declaratory judgment must state the grounds upon which its discretion is exercised. Here the Special Term denied the motion to dismiss the complaint and held that a declaratory judgment was a proper remedy. The Appellate Division in reversing stated that the special procedure for the assessment and review of the taxes imposed is the exclusive procedure to be followed. We reach a contrary conclusion under the special circumstances involved in the case.

The ground stated by the Appellate Division does not justify its conclusion and it was in error in reversing the order of the Special Term.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.