WILLIAM J. BRADFORD and Others, Plaintiffs, *v.* COUNTY OF SUFFOLK, Defendant.*

Supreme Court, Special Term, Suffolk County, January 25, 1939.

*Frederick W. Bickmann, Jr.* [*M. E. Harby* of counsel], for the plaintiffs.

*Edgar F. Hazelton* [*Ralph Stout* and *Harry S. Austin* of counsel], for the defendant.

STEINBRINK, J.   The plaintiffs, taxpayers of the town of Huntington, in Suffolk county, sue on their own behalf and on behalf of all other taxpayers similarly situated for a declaratory judgment determining that certain resolutions adopted by the board of supervisors of Suffolk county and a certain tax warrant issued pursuant thereto are invalid.

The facts are as follows: On October 26, 1936, the board of supervisors of the county of Suffolk adopted a resolution providing, among other things, that a resolution theretofore adopted on September 25, 1933, causing the responsibility for the cost and administration of the care of needy persons to revert to the several townships, be revoked, and that, effective November 1, 1936, " the responsibility

---

* Modfd. and affd., 257 App. Div. 777.

for the administration of and the cost of any and all types of relief and care of needy persons, except such forms of relief administered by the board of child welfare shall be vested in the county public welfare district under the supervision of the county commissioner of public welfare." It was further resolved " that pursuant to section [chapter] 259 of the Laws of 1933, the cost of any and all types of relief and care of persons having a settlement in any of the individual townships of Suffolk County, and the cost of administration, shall at the termination of each county fiscal year, be charged back upon said townships." Theretofore, and on September 24, 1934, the board of supervisors of the county of Suffolk had adopted a resolution providing that all moneys raised by the county for work relief shall be charged back to each town on the basis of the amount used by each town instead of on the basis of assessed valuation. Pursuant to the resolution first mentioned, the county commissioner of public welfare assumed the administration of all types of relief as of November 1, 1936, thereafter submitting to the board of supervisors a report specifying the expenditures for relief from November 1, 1936, to September 30, 1937, and the amounts expended for and chargeable to the several towns of the county. Upon the basis thereof, tax warrants setting forth the amounts charged back to the several towns for relief expenditures were issued to the various town tax collectors. The warrant issued to the tax collector of the town of Huntington included the following: Town charge account home relief, $110,041.99; town charge account work relief, $30,135.65; town charge account hospitalization, $32,147.45.

The plaintiffs contend that since relief is being administered as a county undertaking the several towns must be taxed for their share of the general county expense upon a tax equalization basis as required by article 3 of the Tax Law (§ 50 *et seq.*), rather than upon the basis of amounts expended in the several towns. Adverting to the fact that the values of taxable property in the county of Suffolk are equalized as required by article 3 of the Tax Law, they assert that upon the tax equalization basis the town of Huntington is chargeable with 16.432799 per cent of the taxable property of the county and that, applying the foregoing percentage to the county expenditure for relief during the period in question, the taxable share of the town of Huntington should have been $117,739.36, or $54,585.73 less than the total of the items above mentioned and included in the tax warrant. It is their claim that the charge-back method in administering the cost of relief is not authorized by statute and that any statute which purports to authorize it conflicts with the " due process " and the " home rule " provisions of the New York State Constitution.

The defendant's position is, *first*, that upon the facts disclosed an action for a declaratory judgment is not maintainable, and, *second*, that the resolutions complained of and the items of relief expenditures included in the tax warrant pursuant thereto were lawful and valid.

There is no dispute in the facts. The controversy raises only a question of law relating to the meaning of statutes and the constitutionality of their application. It affects the assessment and levy of taxes to defray the cost of public relief in Suffolk county and the taxable properties of towns within its territory. Under the circumstances the court, in the exercise of discretion, will allow a declaratory judgment. (Cf. *Dun & Bradstreet, Inc.*, v. *City of N. Y.*, 276 N. Y. 198.)

The resolution of October 26, 1936, was adopted pursuant to chapter 565 of the Laws of 1929 (Pub. Welfare Law, §§ 26, 27) and chapter 259 of the Laws of 1933 (Temporary Emergency Relief Act, as amd.).

Sections 25, 26 and 27 of the Public Welfare Law must be read together. They afford to any county the option of assuming complete responsibility for the administration and cost of public relief in its public welfare district or of dividing responsibility between such district and the cities and towns within its territory. Section 25 relates to division of responsibility. Subdivision 1 thereof reads as follows: "Unless otherwise determined by the board of supervisors as hereinafter provided, each town shall be responsible for the expense of providing home relief and medical care given at home for persons having a settlement and residing in such town. The town public welfare officer shall be responsible for the administration of such relief and care and shall assist the county commissioner in the administration of relief and care to persons settled or found in his town for whose care the county public welfare district is responsible. He shall have all the powers and perform all the duties of a public welfare official applicable to the work hereby assigned."

Subdivision 2 relates to the responsibility of cities and is not here pertinent. Subdivision 3 imposes on a county public welfare district the responsibility "for the expense of providing all relief and care for persons having a settlement in a town or city in its territory for which such towns and cities may not be responsible under the provisions of subdivisions" 1 and 2 "of this section." The cost of certain enumerated types of relief, including hospital care "administered by the county commissioner to a person having a settlement in a town or city in the county public welfare district may be charged back to such town or city if the regulations established by the board of supervisors so direct." It is further provided

that " the county commissioner shall immediately notify the town or city public welfare officer of any person alleged to have a settlement in his town or city, the cost of whose relief and care is to be charged back to such town or city." Section 26 adds a provision authorizing the board of supervisors to " direct that the cost of all or any part of the relief and care for which the towns and cities are made responsible under the provisions of subdivisions " 1 and 2 of section 25 " shall be a charge on the county public welfare district and administered under the direction of the county commissioner." When that is done the board of supervisors may, under section 27, " determine that the county public welfare district shall also administer public relief and care in the towns and cities in its territory." If such action is taken in the prescribed manner, it is declared that " all provisions of this chapter as to the powers and duties of towns and of town public welfare officers shall be inoperative in such county public welfare district " and " the appointment of public welfare officers and employees shall terminate."

Subdivision 1 of section 25 contemplates a continuation in the functions of town public welfare officers with respect to the administration of relief either as a direct responsibility or by way of assistance to the county commissioner. A like continuation is contemplated by subdivision 3 wherein it is required that the town public welfare officer be immediately notified of any person alleged to have a settlement in his town, the cost of whose relief and care is to be charged back to such town. Notice in such case is a vital element of the divided responsibility system for it enables the town through its public welfare officer to participate in administering relief, the cost of which it must bear. When the county elects to operate under section 27 and to assume complete responsibility for the administration of any and all types of relief, it thereby effects a termination in the appointment of all town public relief officers. The towns are thereafter deprived of any voice in the administration of relief. With the termination in the appointment of town public welfare officers, compliance with the requirement of subdivision 3 of section 25 with regard to notification becomes impossible. This provides the best evidence that the Legislature intended sections 25 and 27 to be mutually exclusive. The statute should be interpreted to reflect that legislative intent. As so interpreted the statute imports that the cost of relief must be borne by the entity charged with its administration and that the charge back to towns is an inherent feature of the divided responsibility system which becomes inoperative when that system is supplanted by the system of complete county responsibility.

Having elected to invoke section 27, the county of Suffolk is without power to charge back to the several towns the cost of hospitalization.

With respect to work and home relief, section 10 of chapter 259 of the Laws of 1933 provides in part as follows: " The legislative body of a municipal corporation or town may appropriate and make available sufficient money to pay for work relief and /or home relief and also may raise such money during the emergency period by interest bearing notes, certificates of indebtedness, bonds or other obligations of such municipal corporation or town payable within a period not exceeding ten years." It is further provided: " In any county the board of supervisors in making any appropriation for home and for work relief for the county welfare district may provide that such appropriation or certificates issued therefor, together with interest thereon, shall be a charge against the county but the amount of such appropriation or certificates issued therefor, together with interest thereon, *shall be reimbursed to the county from the taxable property within the county public welfare district for whose benefit said appropriation was made or said certificates issued* as provided by this act and the board of supervisors of said county shall levy a tax upon the taxable welfare district sufficient to provide such sums as may be necessary to meet such appropriation or certificates issued therefor, together with the interest thereon." (Italics supplied.)

The defendant asserts that the italicized words mean that a county which has made any appropriation for home and work relief for the county welfare district and elects to treat it as a county charge is required to charge back to the respective towns proportionately to the amounts expended therein. While the language of the statute is possibly capable of more than one meaning, it quite plainly does not support the meaning assigned by the defendant. The Legislature knew how to provide for a charge-back against towns. Witness the explicit language of subdivision 3 of section 25 and section 26 of the Public Welfare Law — " charged back to such town or city." Section 10 of the statute under consideration fails to mention " charge back " or " town." The words " for whose benefit said appropriation was made " refer to the taxable property within the county public welfare district. They do not refer to taxable property within the town treated as a unit.

In so far as home relief is concerned, the statute was designed to preserve the distinction between county and town undertakings, recognizing that the administration and cost of relief go hand in hand. By section 9, " a town where home relief is a town charge,

if authorized to do so by the Public Welfare Law, may furnish home relief." By section 13 it is provided that "in a county public welfare district where home relief is a town charge, the town public welfare officers shall investiaate such cases under the supervision and general direction of the county commissioner." Section 16 provides that "a municipal corporation [county or city] or a town, where home relief is a town charge, furnishing home relief under the provisions of this act shall be paid by the State from the money hereby appropriated in the manner and to the extent provided in this section and such money shall be credited by such corporation or town to its general fund."

Work relief was a new form of relief authorized by the statute. It was to be administered as a county undertaking.

In view of the recognition in the statute of the distinction between county and town relief undertakings and charges, an expression of legislative intent to obliterate the distinction by means of the charge back must be unmistakably clear. Such clarity is not to be found in the language of section 10, pursuant to which the resolutions complained of were adopted. The court accordingly finds that the county of Suffolk was without statutory authority to charge back to the town of Huntington the items of "home relief," "work relief" and "hospitalization" set forth in the tax warrant. From an opinion of the county attorney of Suffolk county, dated September 5, 1933, and attached to the plaintiffs' supplemental memorandum, it appears that the county, in disregard of the said opinion, adopted the system of taxation here assailed. In view of the conclusion reached, it will be unnecessary to pass upon the constitutional questions advanced by the plaintiffs.

Let a declaratory judgment be entered in accordance with the above.