MARTINUS ANDERSEN, Plaintiff, *v.* THE CITY OF NEW YORK and JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Defendants.

PAGANO, INC., Plaintiff, *v.* THE CITY OF NEW YORK and JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Defendants.

Supreme Court, Special Term, New York County, September 26, 1939.

*Moos, Nathan, Imbrey & Levine* [*Alfred B. Nathan* and *George X. Levine* of counsel], for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*Sol Charles Levine, Charles H. Birdsall* and *Jerome R. Hellerstein* of counsel], for the defendants.

FRANKENTHALER, J. It is unnecessary to determine whether the plaintiffs are correct in their contention that, by virtue of customs and usages which have been long established in their trade, title to photographic prints and manual illustrations furnished by them to their customers remains in plaintiffs and does not pass to the customers. Whatever the practices and customs of the industry may be, it is the court's opinion that the evidence establishes that these plaintiffs, beginning at a time prior to the adoption of the first New York city sales tax statute, have been conducting and doing business in such a manner that the transactions with their clients constitute sales of nothing more than the *intangible* right of reproduction, title to the tangible prints and illustrations being retained by plaintiffs through express reservation. Even apart from these express reservations of title to the prints and illustrations, it would seem that the plaintiffs' transactions are *essentially* and *intrinsically* sales of the right to reproduce the prints and illustrations produced by them, and that any transfers of title to the prints and illustrations which may be involved are merely incidental and subordinate to the main purpose and character of the transactions. That the substantial prices charged by plaintiffs for their work are paid for the right to reproduce rather than for the particular print or illustration which the customer receives is indicated by the fact that if the customer should lose the print and ask for another to replace it, or should desire an extra print, the same would undoubtedly be supplied to him gratis or for a nominal fee, and he would not be obliged to pay again the substantial sum originally charged.

There remains for consideration the city's contention that even if the plaintiffs' transactions are not taxable as sales of *tangible* personal property, they are nevertheless " licenses to use or consume " and as such taxable under the local laws. The case of *Howitt* v. *Street & Smith Publications, Inc.* (276 N. Y. 345) appears, however, to be controlling authority to the contrary. In that case it was held that the sale by an artist to a publishing house of the right to reproduce a painting produced by him, title to the painting remaining in the artist, was not a " license to use " within the meaning of the sales tax law. In view of the fact that the present plaintiffs, as previously stated, reserved to themselves title in the prints and illustrations furnished to their customers and sold merely the right to reproduce the same, the situation here presented seems to be indistinguishable in principle from that obtaining in the cited case.

The city's claim that an action for a declaratory judgment is not a proper remedy " since there are sharp issues of fact in the case at bar " must be overruled in view of the recent statement of the Appellate Division in *Sterling Bag Co., Inc.,* v. *City of New York* (256 App. Div. 645, 648), that " any doubt as to the propriety of the present form of action was dispelled by the recent decision of the Court of Appeals in *German Masonic Temple Assn.* v. *City of New York* (279 N. Y. 452, revg. 253 App. Div. 680). Appellant attempts to distinguish that case by contending that here issues of fact arise which makes declaratory judgment improper. * * * We do not wish to indicate that the court may not grant declaratory judgment merely because there may be some dispute concerning the facts. Plaintiff's remedy was properly invoked, and judgment properly granted in its favor." Nor does there appear to be any merit in the argument that plaintiffs have irrevocably elected to invoke the administrative remedy. It is to be noted in this connection that a preliminary injunction in this action for a declaratory judgment has already been granted by another justice of this court, despite the submission of opposing affidavits by the defendants in which it was urged that the action for a declaratory judgment was not an appropriate remedy in the case at bar.

Plaintiffs' motions for judgment in their favor, declaring that their transactions are not taxable under the local sales tax law, are granted.

All motions to strike out upon which decision was reserved, and defendant's motions to dismiss the complaint, are denied with appropriate exceptions.

Settle decision and judgment on notice.