(No. 3244—

PROGRESSIVE PRINTING & CALENDAR CO., INC., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1941.*

MEYER B. WEISSMAN AND PHILIP N. SHAPIRO, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award of One Hundred Forty-eight and 65/100 ($148.65) Dollars for a refund of Retailer's Occupation Tax. The complaint alleges that during the period from July, 1933 to February, 1936, claimant paid Nine Hundred Ninety and 99/100 ($990.99) Dollars on special printed matter, which had no commercial value and was not subject to the occupation tax under the above statute. (Chapter 120, Illinois Revised Statutes, 1937.) On March 10, 1938 the Department of Finance issued claimant a credit memorandum for Eight Hundred Forty-two and 34/100 ($842.34) Dollars. Claimant contends that under Section 6 of the Retailer's Occupation Tax Act it was entitled to a refund of the full amount of Nine Hundred Ninety and 99/100 ($990.99) Dollars, and now seeks to recover the balance of One Hundred Forty-eight and 65/100 ($148.65) Dollars.

Nothing appears in the complaint as to why a portion and not all of such refund was made.

The Attorney General filed a motion to dismiss the claim on the ground that it shows upon its face that claimant has an adequate remedy at law in the courts of general jurisdiction, and that therefore the Court of Claims should not take jurisdiction. This motion has been taken under advisement with the case. The cause is now submitted upon such motion, a report from the Department of Finance and Brief and Argument of the respective parties.

Section 6 of said Act (Par. 445, Chap. 120, Ill. Rev. Stat. 1937) provides as follows:

"If it shall appear that an amount of tax, penalty or interest has been paid which was not due under the provisions of this Act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this Act from the person who made the erroneous payment, or such amount shall be refunded to such person by the department."

It appears that under a rule promulgated by the Retailer's Occupation Tax Division of the Department of Finance, identified as Rule No. 36, claimant corporation paid taxes to the Department in the amount of Nine Hundred Ninety and 99/100 ($990.99) Dollars on receipts from sales of special printed matter, it being the ruling of the Department at that time that such sales were within the meaning of the Retailer's Occupation Tax Act. The Supreme Court of Illinois in the case of *Adair Printing Company, et al.* vs. *Ames, et al.*, 364 Ill. 342, held that such ruling was in error and that the tax should not be applied to sales of special printed matter which was without commercial value, i. e., which has no use or value to any person other than the one for whom the printing is done, such as letterheads, circulars, attorneys' briefs, etc. The Department revised its rule on October 26, 1936 in accordance with the above decision, and proceeded to accept claims for credit by those who had been compelled to erroneously pay such tax. In an effort to then collect such tax from those who had supplied such printers with supplies, the Department arbitrarily fixed a figure of 15 per cent of such tax previously paid by the printer as a deduction to be withheld by the Department. In certain instances this 15 per cent was not withheld if the printer furnished a satisfactory list of his material men or supply houses.

Claimant entered into no agreement with the Finance Department and did not furnish the requested list, and the following notation was made in regard to the 15 per cent deduction of refund in his case, i. e., "Deduction of which is hereby protested but allowed under protest, and claim for which 15 per cent is to be made before the Court of Claims or other appropriate body."

The Attorney General contends that if the claimant is, as a matter of law, entitled to a refund under Section 6 above quoted, and if it is the duty of the department to make such a refund, that claimant could enforce its rights by a mandamus case in a court of general jurisdiction. Further, that where the claimant has an adequate remedy at law in a court of general jurisdiction, the Court of Claims will not take jurisdiction for the purpose of making an award. The cases cited by counsel in support of the latter proposition are all somewhat different from the present case, because of the special wording of the Act here in question. In the *Mohawk Carpet Mill* Case, 8 C. C. R. 37 and the *Silver Burdette Company* Case, 8 C. C. R. 539, a franchise tax refund was involved, under a statute which provided that an injunction must first be sought by plaintiffs as a preliminary to other rights. In the *Booth Fisheries Company* Case, 6 C. C. R. 262 and *Childs* Case, 6 C. C. R. 308, litigation had been had in both instances in the Civil Courts and the suits before the Court of Claims would in effect have been a review of the decision of the Civil Courts. This court there held that it had no appellate jurisdiction and would not review or set aside directly or indirectly orders and decrees of the Civil Courts.

Under the wording of Section 6 of the Retailer's Occupation Tax Act above quoted, it is the apparent intent of the Legislature that a refund should be made of such tax when erroneously paid and not due under the provisions of the Act. It was the apparent intention of the Legislature that such refunds should be determined and made with as little difficulty or expense to the taxpayer as possible.

We have repeatedly stated that this court was created by the Legislature and exists for the purpose of considering claims for which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable.

The Retailer's Occupation Tax Act provides for refunds in proper cases. Under the provisions of said Act, if the State were suable in the Civil Courts the claimant would have a right of action. There is nothing in the wording thereof which makes the filing of an injunction or mandamus suit a necessary preliminary for consideration by this court of the merits of such claim. Neither can the failure or refusal of claimant to furnish to the Department a list of the material men or supply houses from whom it received supplies, justify the court in refusing an award, in view of the wording of Section 6 above quoted. They may be subject to criticism for lack of cooperation and failure to aid the Department in carrying out the law relative to the collection of tax, but nothing appears in the Act which would justify penalizing them for so doing, or which would authorize the Department of Finance to arbitrarily fix a figure of 15 per cent as a deduction rate in the making of refunds to which claimant was otherwise entitled.

The motion of the Attorney General to dismiss is denied and an award is hereby entered in favor of claimant in the sum of One Hundred Forty-eight and 65/100 ($148.65) Dollars.