(No. 31319

THE INGERSOLL MILLING MACHINE COMPANY, Appellee, *vs.* THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, JAMES C. MURRAY, RAYMOND S. SARNOW, and A. ZOLA GROVES, all of Chicago, of counsel,) for appellant.

MACLEISH, SPRAY, PRICE & UNDERWOOD, of Chicago, (JOSEPH W. TOWNSEND, and JOSEPH A. DUBBS, of counsel,) for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Appellee, Ingersoll Milling Machine Company, an Illinois corporation, filed its complaint in the circuit court of Winnebago County against the Department of Revenue of the State of Illinois, pursuant to the Administrative Review Act, in which it sought the reversal of an administrative decision entered by the Department, making a final assessment for retailer's occupation taxes against it in the amount of $629.39.

The complaint charged that the assessment of the tax is contrary to the decisions of this court and the rules of the Department of Revenue. The Department, appellant, filed its answer, which consisted of the entire report of proceedings in the matter before its representative. A tax was assessed against the appellee in the sum of $572.17, which, with penalties, amounted to a total assessment of $629.39. The circuit court entered an order reversing the assessment and vacating the tax, holding that the appellee was not engaged in the selling of tangible personal property within the meaning of the Retailers Occupation Tax Act, but was engaged in the rendering of skilled engineering

and designing service, and that the raw material which went into the milling machine was only incidental to the rendering of skilled engineering and designing work. The appellant appeals from the decision of the circuit court reversing the assessment of the Department and vacating the tax. Appellant contends that the circuit court erred in holding that the sale of the special milling machine was not a selling of tangible personal property within the contemplation of the Retailers' Occupation Tax Act. Appellee contends that it was not engaged in the occupation of selling tangible personal property at retail within the meaning of the Retailers' Occupation Tax Act, but that it was basically rendering services in supplying, engineering, designing, developing and constructing the special milling machine, and that the tangible personal property was only incidental to the rendering of skilled engineering services, designing and construction ability.

The record discloses the Ingersoll Milling Machine Company is engaged in the business of manufacturing and selling special machine tools in the city of Rockford, many of which are built for the particular needs of its customers, and designed and manufactured for particular purposes. The Caterpillar Tractor Company requested appellee to manufacture for it a special milling machine to enable the Caterpillar Tractor Company to use in the production of a new type of V-8 and V-12 industrial motor. The particular machine desired was a machine for the milling of inside surfaces or cheek faces of the main bearing supports in the engine blocks. The desired machine was a special milling machine with special carriage for positioning the work and special milling head to advance the cutters into the positioned cylinder block and withdraw when the milling on one set of faces was finished and the block repositioned for milling the next set of faces, and special cutters to mill at the same time, the two interior faces presented at each positioning of the cylinder block. (4 position-

ings on the V-8 and 6 on the V-12 block.) The machine was specially engineered, was a single-purpose machine, and, as conceded by appellant, no other machine like it would probably ever be built.

Appellant concedes that if the design of the cylinder block which the machine was to assist in producing for the Caterpillar Tractor Company was changed, the machine under consideration would have to be junked and a new one built. The total charge for the machine and cutters was $29,192.40.

It is apparent from the record that the special milling machine ordered by the Caterpillar Tractor Company was requested by order for a special job. It had no commercial value for any other purpose. The machine would be of no value for any purpose other than for the particular use desired, and should the purchaser desire to change or discontinue the particular type of motor being manufactured, the machine would be of no value except as junk.

The appellee, as a minor part of its entire business, also manufactures some standard tools and cutters upon which the tax has been paid, the only controversy being the question whether a tax is due by reason of the sale of this particular machine under the Retailers' Occupation Tax Act. Ill. Rev. Stat. 1947, chap. 120, pars. 440-441.

In determining whether or not tax liability exists in this particular case the question is presented as to what is the primary occupation of the appellee. The tax sought to be imposed is an occupation tax and not a sales tax, and, to determine the taxability of the particular sale herein involved, the real occupation of the appellee must be observed to determine its liability for tax.

The appellant has filed as an appendix to its brief a digest of cases where, under the existing facts, this court has held the transaction was a service or was a sale at retail. It is suggested the article involved in all the cases where it was held that the occupation was a service, rather than

retail occupation, falls into one or the other of two general categories:

First: Articles of trifling material value when completed, the cost of which represents almost entirely expert service, such as blueprints, photostats, commercial photographs (*Burgess Co.* v. *Ames,* 359 Ill. 427,) commercial printing (*Adair Printing Co.* v. *Ames,* 364 Ill. 342,) cuts and mats (*A.B.C. Electrotype Co.* v. *Ames,* 364 Ill. 360.)

Second: Articles furnished as incidental to a service rendered by a person long recognized as not a retailer, such as public utilities (*Peoples Gas Light and Coke Co.* v. *Ames,* 359 Ill. 152,) eyeglasses prescribed by optometrist (*Babcock* v. *Nudelman,* 367 Ill. 626,) works completed by contractors (*Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600,) new fur pieces installed in repair of fur coats by tailors (*Mahon* v. *Nudelman,* 377 Ill. 331,) building materials sold by subcontractors (*Material Service Corp.* v. *McKibbin,* 380 Ill. 226,) and medical and surgical supplies sold by licensed pharmaceutical houses to doctors and hospitals (*Huston Bros.* v. *McKibbin,* 386 Ill. 479.)

Appellant contends that the instant case does not fall into either category, but that the transaction here was a sale at retail of a machine tool and that the substance of this sale was a milling machine. There has not been before this court an exact analogous situation in which the question herein has been presented. This is not unusual, however, as the facts and situations in each case are different, making it difficult to apply in the way of a general group. In such cases it is always difficult to draw a line of demarcation where one in selling tangible personal property does not come within the act for the reason that certain service is being rendered.

The record discloses the business of appellee is in the fabrication, manufacturing, and designing of special milling machines constructed on a special order to do a particular and special job. The machine in question has no

commercial value other than for the special purposes for which it was specially ordered. In the case of *Mahon v. Nudelman*, 377 Ill. 331, at page 339, this court said, "* * * that to render a vocation taxable under the act it must appear that the business of the taxpayer is that of selling tangible personal property rather than rendering service." Under the facts here, it is apparent that the business of the taxpayer is primarily that of manufacturing, producing, and selling a special machine for a special purpose. It is to be observed that the business of the taxpayer is that of producing a machine to do a specialized job. The manufacture and sale of the particular machine is analogous to many of the exempted professions, exempted by rules of the Department, namely, the manufacture and sale of custom-made clothes, special tool, die and pattern makers, who are exempt from the provisions of the act by rules of the Department of Revenue. In such instances, they are all made upon special order and have no commercial value and are therefore primarily engaged in a service occupation under the rules of the Department. Here the purchaser, being the Caterpillar Tractor Company, did not merely purchase from appellee a machine, but purchased a particular machine to do a special job to be manufactured and engineered by appellee for the specialized work. The machine has no commercial value the same as a fabricated die or jig, or gage, or other pattern used in the manufacturing business and exempted by rule No. 48 of the Department of Revenue.

In the ordering, engineering, manufacturing and selling of the particular machine the situation is somewhat analogous to that of a purchaser ordering from a contractor a house or building to be constructed upon certain lines of a particular design to do a special thing for the purchaser. We said in the case of *Material Service Corp. v. Mc-Kibbin*, 380 Ill. 226, on page 243: "The occupation of a contractor is the rendering of a service of skill and is not subject to the tax." Here, the occupation of appellee is

likewise that of rendering a service of skill in the manufacture of the special milling machine for the particular and exclusive use of the purchaser for a particular and special purpose. In regard to a contractor it is not a case of selling building materials, lumber, glass, brick, etc., but the constructed and finished article. Here, it is the rendering of the special service to the purchaser which is the subject and object desired in the instant case. It is not the sale of a machine, but it is the manufacture of a particular machine for a special purpose, and a sale is not taxable where it is merely incidental to a special service rendered the purchaser. *Snite* v. *Department of Revenue*, 398 Ill. 41.

A close analysis of the facts in this case does not indicate that the primary occupation of appellee in rendering this particular service is that of selling tangible personal property at retail within the meaning of the Retailers' Occupation Tax Act.

After a careful analysis of the facts and situation in this case, we are of the opinion the primary occupation of appellee is that of furnishing a specially constructed machine on order produced through the technical engineering skill of the appellee for the purpose of doing a special job, and not merely a sale at retail of tangible personal property. Taxing statutes are to be strictly construed and their language is not to be extended or enlarged by implication beyond its clear import, but in cases of doubt such laws are construed most strongly against the government and in favor of the taxpayer. *Mahon* v. *Nudelman*, 377 Ill. 331.

We are of the opinion, as above pointed out, that the appellee, in specially constructing this machine, produced by its technical engineering skill, is not engaged in the business of selling tangible personal property as contemplated by the Retailers' Occupation Tax Act. For that reason, the judgment of the circuit court is affirmed.

*Judgment affirmed.*