Arthur D. Breuuah, J.
In this action brought for a declaratory judgment, the plaintiff seeks an adjudication that the promotional examination (for the position of police captain) held by the defendants on May 26, 1956 and the list promulgated as a result thereof, are illegal and invalid in that said examination was determined to be held prior to the occurrence of a vacancy in said position.
In the circumstances here present, this court is of the opinion that the preliminary objection to the effect that the plaintiff is restrictéd to an article 78 proceeding and that he may not maintain this action for a declaratory judgment, should be and the same is overruled. (Dun & Bradstreet Inc. v. City of New York, 276 N. Y. 198.) So, too, the defenses of loches and estoppel are overruled where, as here, the challenge is not founded upon an alleged irregularity but the examination and list are claimed to be illegal and the illegality is urged by the plaintiff in his additional standing as a citizen and resident of the city of Yonkers.
Turning now to the merits of the controversy, this court is of the view that the subject examination and list were properly held and promulgated and that the same are legal and valid. A reading and consideration of the relevant provisions of the Municipal Civil Service Buies for the Classified Service of the City of Yonkers reveal a clear intent and purpose that examinations should be held at such time and for such positions as the commission deems the needs of the service require to the end that appropriate eligible lists may be established when there is no appropriate list existing or when the existing list is exhausted. In support of his contention that the said examination and list are illegal, the plaintiff relies heavily on the provisions of subdivision 5 of rule XVIII of the afore-mentioned rules. In this court’s opinion, the plaintiff’s contention may not be sustained. The provisions of said subdivision 5 of rule XVIII, when read and construed in connection with and in rela- *581 tian to the provisions of the other pertinent rules, including particularly those contained in subdivision 1 of rule XVIII and those contained in rule XVI, indicate that a promotion should be made from an appropriate eligible list in existence, but that if no such list exists and a vacancy occurs, a temporary or provisional appointment may be made upon compliance with certain requirements, and further, in such event, the commission is required to conduct a competitive examination of eligible candidates for the purpose of creating a promotional list from which a permanent appointment can then be made. This court holds that under the existing Municipal Civil Service Buies, the defendants herein were not required to wait until a vacancy had occurred before holding the subject examination but said defendants were vested with discretionary power to hold the subject promotional examination for the purpose of establishing an appropriate eligible list at a time when they deemed the same necessary even though no vacancy then existed.
Although the plaintiff’s contentions have not been sustained, yet where, as here, the facts were agreed upon, the complaint should not be and is not dismissed but the defendants are entitled to a judgment declaring the rights of the parties hereto, said judgment being in favor of the defendants and in accordance with the conclusions above stated. (Hoffman v. City of Syracuse, 2 A D 2d 653, mod. on other grounds 2 N Y 2d 484; and cf., also, Strobe v. Netherland Co., 245 App. Div. 573.)
The foregoing shall constitute the decision of this court, pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice. No costs are allowed.