■ CONCETTA GATTUSO, Appellant, v. JOSEPH GATTUSO, Respondent.— In an action to annul a marriage, the appeal is from so much of a judgment, entered after trial, as dismissed the amended complaint upon the merits. Judgment insofar as appealed from unanimously affirmed, without costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ INCORPORATED VILLAGE OF PLANDOME MANOR, Respondent, v. CY GREENE et al., Appellants.— In an action to enjoin the maintenance of an alleged spite fence and to recover a penalty therefor in excess of $12,000, the appeal is from so much of an order as (1) strikes certain affirmative defenses from the answer, (2) vacates, in part, appellants' demand for a bill of particulars, and (3) denies appellants permission to examine respondent before trial. Order modified so as to provide that (1) the second affirmative defense be not struck out, (2) in addition to the items of the demand for a bill of particulars allowed, items 3 and 6 be allowed in full and item 4 be allowed insofar as it relates to other fences in the neighborhood, and (3) appellants be permitted to examine respondent before trial as to items 2, 3, 6, and 7 of the notice. As so modified, order insofar as appealed from affirmed, without costs. The action is predicated upon a provision in respondent's zoning ordinance that " A fence or other structure deemed by the Board of Trustees to be designed primarily to cause annoyance or damage to an adjoining owner, shall in no case be permitted

as an accessory use." The second affirmative defense pleads that the determination by said board — that the fence in question was erected in violation of said provision — was arbitrary, malicious and capricious, and without legislative or other lawful authority. Said defense was struck out upon the ground that said determination was an administrative act which, not having been reviewed in a proceeding under article 78 of the Civil Practice Act, is binding in this action. In our opinion, this was error. The gravamen of the second affirmative defense is that the board's action was in excess of its jurisdiction and, hence, void. Appellants are entitled to establish the facts in support of such defense (cf. *Matter of Foy* v. *Schechter,* 1 N Y 2d 604, 612; *Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198, 206). We are, therefore, not concerned on this appeal with the question whether the board's action should be deemed legislative or administrative. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.