REPORTS NOT SUBJECT TO EXCISE TAX Credit and consumer reports sold within the State of Oklahoma are not subject to the excise tax levied under 68 O.S. 1304 [68-1304] (1970). The Attorney General has considered your request for an opinion of the following question asked in the letter of August 3, 1971: "Are the credit and consumer reports which are sold and distributed within the State of Oklahoma by credit and consumer reporting companies subject to the Oklahoma Sales Tax?" Title 68 O.S. 1304 [68-1304] (1970) states in part: "There is hereby levied an excise tax of two per cent (2%) upon the gross proceeds or gross receipts derived from all sales to any person of the following: "(a) Tangible personal property. * * * "(e) Printing or printed matter of all types, kinds and characters and the service of printing or overprinting. . ." The main issue is to determine if the reports of the credit reporting companies come within the taxing authority of the Oklahoma Tax Commission. This particular question has not been decided by the Oklahoma Court. There is authority from another state on this issue, and also authority from other states on questions of a similar nature. In the case of Dun Bradstreet, Inc. v. City of New York, 276 N.Y. 198, 11 N.E.2d 728 (1937), the case held in Headnote 4: "Under local law imposing sales tax on services rendered by specified public utilities, corporation engaged in furnishing confidential information as to financial standing and credit was not liable for tax on amount received for such services, notwithstanding rule adopted by city comptroller attempting to extend tax to such corporations, since such attempted extension of tax would be beyond authority of comptroller." On page 731 of this case, the Court said: ". . .The information furnished is of value to the subscribers and for it they pay but not for the paper upon which the information is conveyed or for the reference books which are only guides to assist in the rendition of appellant's service. One does not think of a telephone company as a seller of books to its subscribers. It renders a service. To make that service efficient, it furnishes its subscribers with books containing a list of the subscribers with their call numbers. 'The paper is a mere incident; the skilled service is what is required.' Burgess Co. v. Ames, 359 Ill. 427, 194 N.E. 565, 566; Adair Printing Co. v. Ames, 364 Ill. 342, 4 N.E.2d 481; . . ." The same issue has been raised in other cases where other services are involved. In the case of Ingersoll Milling Machine Company v. Department of Revenue, 405 Ill. 367, 90 N.E.2d 747 (1950), the case held in Headnote 2: "Under the statute imposing a retailers occupation tax on business of selling tangible personal property at retail, vocation to be taxable must be that of selling tangible personal property rather than that of rendering service." In Headnote 3, it stated: "Under the statute imposing a retailers occupation tax on business of selling tangible personal property at retail, sale is not taxable where it is merely incidental to a special service rendered to the purchaser." This case involves the rendering of engineering and designing services. This subject has been discussed in 139 A.L.R. at page 381. This article stated: "It has been held or stated that where a contract contemplating the creation of and transfer of title to, certain property also requires the exercise of a high degree of skill, and the materials involved are of relatively little value while the principal value of the furnished product lies in the skill or services to be rendered, and such product is of little value to anyone other than the buyer, contract would be deemed to contemplate a rendition of personal services rather than a sale of goods. Burgess Company v. Ames,359 Ill. 427, 194 N.E. 565; H. G. Adair Printing Company v. Ames, 364 Ill. 342, 4 N.E.2d 481. "And in a case which necessarily involved the eventual transfer of title to tangible personal property, but in which the value of personal services so far exceeded the value of the material used that if the article so furnished had been lost it would have been replaced without charge or for a nominal charge, the transaction did not amount to a sale at retail. Anderson v. New York, 172 Misc. 370,15 N.Y.S.2d 155. "And similarly, where the contract is for the rendition of certain services, the furnishing of tangible personal property is not the prime object of the contract, and the charge would be the same for the services if the property was not transferred as an incident thereto, there is no sale of property within the meaning of the taxing statute. Bixby v. Johnson, (1940) — Cal.2d — 99 P.2d 268." The Oklahoma Tax Commission consistently takes the position that the statute (Section 1304) provides for the taxation of only certain services, and that if a certain service is not specifically mentioned, it is not taxable. The service of giving credit information is not included in the services listed. The service of giving information by the credit reporting company is the item of value rather than the piece of paper on which the information is written. Thus, the information given by a credit reporting company is more in the nature of a service rather than a product. To hold otherwise would make an opinion or report of every accountant, attorney, consultant, doctor, engineer, investigator, or anyone else who renders the service of giving information or opinions subject to taxation under Section 1304. These are not services enumerated under Section 68 O.S. 1304 [68-1304] and are not subject to taxation. Nor was it the intent of the Legislature to make opinions or written reports subject to taxation as a product. It is, therefore, the opinion of the Attorney General that your question be answered in the negative and that credit and consumer reports which are sold and distributed within the State of Oklahoma by credit and consumer reporting companies are not subject to the excise tax of two per cent (2%) levied upon the gross proceeds or gross receipts by 68 O.S. 1304 [68-1304] (1970). (Todd Markum) (Sales Tax)