(No. 33723.—

STERLING STEEL CASTING COMPANY, Appellee, *vs.* THE DEPARTMENT OF REVENUE *et al.*, Appellants.

*Opinion filed November 23, 1955*

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., BART E. SCHMITT, and MARK O. ROBERTS, of counsel,) for appellants.

JACOBY, PATTON & MANNS, of Alton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The question here is whether a manufacturer who makes steel castings from patterns furnished by his customers is engaged in selling tangible personal property at retail, under the Retailers' Occupation Tax Act, or is engaged in a service occupation which is not subject to that statute.

Sterling Steel Casting Company brought an action under the Administrative Review Act in the circuit court of St. Clair County to review a decision of the Department of Revenue which denied its claim for a refund of taxes alleged to have been erroneously paid upon some of its sales of steel castings. Judgment was entered reversing the decision of the Department and awarding plaintiff a refund in the amount of $9035.37. The Department appeals directly to this court. Ill. Rev. Stat. 1955, chap. 120, par. 451.

Plaintiff manufactures steel castings. Some of them are standardized and can be used by more than one customer. Others are made upon special order. Only the latter are involved in this case. From the description of its operations by its sales manager, it appears that plaintiff

sends quotation and delivery information to prospective customers upon the basis of blueprints furnished by them. When plaintiff's bid is accepted, the customer furnishes plaintiff with a wood or metal pattern from which steel castings are to be made by the plaintiff. The sales manager testified that plaintiff helps and offers suggestions "in the method the pattern should be made," and that "to my knowledge no casting made from any pattern manufactured by us" is usable by any customer other than the one who ordered it or for any purpose other than that for which it was ordered, and that apart from those uses, they have no value except as salvage. The patterns which the customers furnish are left with the plaintiff and stored in its warehouse in contemplation of future orders.

Because the tax is imposed upon those who are engaged in the business of selling tangible personal property at retail, questions calling for a characterization of the taxpayer's business have frequently arisen. To be taxable, the business of the taxpayer must be that of selling tangible personal property rather than that of rendering service. Where the business is that of furnishing service to which a sale at retail is incidental, the occupation has been held not taxable. (*Mahon* v. *Nudelman*, 377 Ill. 331.) That some service is rendered in connection with the sale of tangible personal property at retail does not make the tax inapplicable. (*Snite* v. *Department of Revenue*, 398 Ill. 41; cf. *Swain Nelson & Sons Co.* v. *Department of Finance*, 365 Ill. 401, and *Acme Printing Ink Co.* v. *Nudelman*, 371 Ill. 217, with *J. A. Burgess Co.* v. *Ames*, 359 Ill. 427, and *Material Service Corp.* v. *McKibbin*, 380 Ill. 226.) As has been pointed out, "the facts and situations in each case are different, making it difficult to apply in the way of a general group." *Ingersoll Milling Machine Co.* v. *Department of Revenue*, 405 Ill. 367, 371.

In the present case the Department contends that plaintiff is primarily engaged in the manufacture and sale of

steel castings which are tangible personal property and subject to the tax, and that plaintiff was not employed for engineering or other scientific skill, and hence is not exempt from the tax. Plaintiff contends that, under Rule 3 of the Rules and Regulations of the Department and our decision in *Ingersoll Milling Machine Co.* v. *Department of Revenue*, 405 Ill. 367, it is not engaged in the business of selling tangible personal property at retail but rather is engaged in a service occupation not subject to the tax. It maintains that its primary occupation is that of manufacturing steel castings "(1) on special order, (2) produced through its technical engineering skill, (3) for the purpose of doing a special job, which manufactured items, when completed, (4) have use or value, other than salvage, only to the specific customer for the purpose for which ordered and produced, (5) no other commercial value, (6) that the value of the materials used therein is negligible compared with the value of the finished product."

Rule 3 of the Rules and Regulations of the Department states that sellers of machinery, tools, dies and the like to users or consumers incur liability for the tax unless the purchaser has employed the seller primarily for his engineering or other scientific skill "to design, develop, construct and produce" a special machine, tool, die, or other similar item on special order to meet the particular needs of the purchaser and in such a way that the item when produced has value only to the purchaser and only for the specific purpose for which the item was produced.

Both parties rely upon *Ingersoll Milling Machine Co.* v. *Department of Revenue*, 405 Ill. 367. There the taxpayer was engaged in "the fabrication, manufacturing and designing of special milling machines constructed on a special order to do a particular and special job." At the request of the Caterpillar Tractor Company, the taxpayer engineered and manufactured a special milling machine to be used by Caterpillar in the production of a new type of V-8

and V-12 industrial motor. The machine was required to have special and complicated features which Caterpillar desired to utilize in the manufacture of the motors. The sale price of the machine was approximately $29,000. It appeared that the machine was a single purpose, specially engineered product, and it was conceded that no other machine like it would probably ever be built. Upon these facts, this court concluded that in engineering and producing this machine the company's primary occupation was that of furnishing upon order a specially constructed machine produced through the engineering skill of the company for the purpose of doing a special job, and not merely the sale at retail of tangible personal property.

In our opinion the *Ingersoll case* differs substantially from the present case. Here the record does not show that plaintiff rendered any engineering or technical service in conceiving or engineering the steel castings produced by it. Indeed, the only evidence of engineering or technical service relating to design is the testimony of plaintiff's sales manager to the effect that plaintiff helps and suggests in the method the pattern—not the castings—should be made. The patterns which plaintiff uses may be produced by its customers through their own engineers or skilled technicians or they may be purchased by the customer from a pattern maker. Plaintiff is not engaged in the fabrication, design or manufacture of patterns. Its business is the volume production of relatively inexpensive steel castings. Such technical skill as is involved relates entirely to production activities, and no evidence was introduced to show that the skill involved depends in any degree upon whether standard or special order castings are produced.

A more closely analogous situation was presented in *Acme Printing Ink Co.* v. *Nudelman,* 371 Ill. 217. There certain companies were engaged in the business of manufacturing and selling ink to printers and lithographers for the printing of standard and salable articles of commercial

value and also for the printing and lithographing of material upon special order, which was of no value except to the persons for whom the work was done. The companies claimed, as plaintiff claims here, that they were not subject to the tax because they were engaged in a service industry. They pointed out that 85 to 95 per cent of the printing ink they sold was furnished by them upon the special order of printers and lithographers to meet their special requirements; that they conducted laboratories where they tested inks upon various surfaces; that more than 350 kinds of materials were used in compounding the various types of inks, and that approximately 10,000 different colors of printing inks were produced and sold annually. Finding the companies subject to the tax, this court stated, "While all of this may be true, the distinguishing feature of the cases relied upon is that the skill and services rendered far outweighed the value of the materials in the articles sold. Thus in *Burgess Co.* v. *Ames,* [359 Ill. 427,] we said: 'The paper is a mere incident; the skilled service is that which is required.' In the present case, however, printing ink furnished in bulk quantities is tangible personal property, in which personal service, skill and artistic ability have entered only to a comparatively small degree such as is found in most competitive trades and businesses. The record shows that only about ten per cent of plaintiffs' employees are required in the technical and scientific departments and that the mixing and processing of inks requires no greater degree of technical learning and ability than any other trade processes. The primary occupation of plaintiffs is not the rendering of service but is the manufacture and sale of printing ink." 371 Ill. at 220.

In the present case, whether the product which the plaintiff sells is manufactured from one of its own standard patterns or from a pattern supplied by its customer, it is tangible personal property. Taxability is not ultimately determined by what the customer does with the article, or

whether or not it can be reused or resold. Those considerations are relevant only as they shed light on the primary occupation of the seller. "If the article sold is the substance of the transaction and the service rendered is merely incidental to and an inseparable part of the transfer to the purchaser of the article sold, then the vendor is engaged in the business of selling at retail, and the tax which he pays for the privilege of engaging in such business is measured by the price which the purchaser pays for the article and the service incident thereto." *Snite* v. *Department of Revenue,* 398 Ill. 41, 46.

Upon the record before us, we hold that plaintiff is not primarily engaged in furnishing any technical engineering service apart from its general production "know-how." Plaintiff is in the business of producing and selling tangible personal property at retail, in which the element of service is incidental. It is not in the business of furnishing services, to which the materials employed and the sales made are incidental. Accordingly, the Department of Revenue properly determined that plaintiff is subject to the tax.

The judgment of the circuit court of St. Clair County is reversed.

*Judgment reversed.*