In the Matter of JANET R. (ANONYMOUS), as Mother and Natural Guardian of LAWRENCE R., an Infant, Respondent, v. RALPH E. CORY, as Judge of the Family Court of the State of New York, County of Richmond, Appellant.— In a proceeding pursuant to article 78 of the CPLR to prohibit appellant, a Family Court Judge, from proceeding further in a pending juvenile delinquency matter against the infant son of petitioner, the appeal, as limited by appellant's brief, is from so much of a judgment of the Supreme Court, Richmond County, dated July 17, 1973, as, after permitting the Family

Court hearing to proceed without a jury, directed that, if it be adjudged that the infant is a juvenile delinquent and that detention is deemed appropriate, he shall not be commited to Elmira Reception Center under subdivision (b) of section 758 of the Family Court Act, but shall be committed under subdivision (a) of section 758 of the Family Court Act. Judgment reversed insofar as appealed from, on the law, without costs, and petition dismissed. In our opinion, it is not a violation of the State Constitution to commit a 15 year old to an adult correctional facility upon an adjudication of juvenile delinquency following a fact-finding hearing by a Family Court Judge rather than by a jury (cf. *Matter of Daniel D.*, 27 N Y 2d 90; *United States ex rel. Murray* v. *Owens*, 465 F. 2d 289). Hopkins, Acting P. J., Latham, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: The question presented by this case is whether it is a denial of due process to commit a 15 year old to an adult correction facility upon an adjudication of juvenile delinquency following fact-findings by a Family Court Judge rather than a jury. The undisputed facts are as follows: On August 23, 1972 the infant in question (hereinafter referred to as petitioner) was arrested and charged, in the Family Court, Richmond County, with juvenile delinquency. The petition alleged that petitioner, then 15 years of age, committed an act which, if done by an adult, would constitute a crime (Family Ct. Act, § 712, subd. [a]). More specifically, it alleged that petitioner attacked and killed another 15-year-old boy. Such act, had it been committed by an adult, would have constituted the class A felony of murder (Penal Law, § 125.25). On September 22, 1972 petitioner appeared before the Family Court, Richmond County, for a fact-finding hearing (Family Ct. Act, § 742). At the hearing his attorney moved for a jury trial. The appellant Judge of the Family Court denied the application and petitioner thereupon commenced the instant article 78 proceeding in the nature of prohibition, seeking a judgment restraining appellant from conducting the fact-finding hearing without first according petitioner a jury trial. In a decision dated March 28, 1973 Special Term held that petitioner was not entitled to a jury trial. However, it enjoined appellant from committing petitioner to the Elmira Reception Center pursuant to subdivision (b) of section 758 of the Family Court Act if appellant found that petitioner was a juvenile delinquent and that detention was appropriate. Let us first dispose of a procedural matter. The only relief that petitioner sought was a judgment, in the nature of prohibition, restraining appellant from proceeding to conduct a juvenile delinquency fact-finding hearing without according petitioner a jury trial. A judgment in the nature of prohibition is used to forbid the exercise of unauthorized powers (CPLR 7803, subd. 2). Here, the Family Court was about to conduct a fact-finding hearing pursuant to section 742 of the Family Court Act. Clearly, it was not about to exercise unauthorized powers and prohibition therefore does not lie. However, the remedy of a declaratory judgment is applicable in cases where a constitutional question is involved, or the legality or meaning of a statute is in question, and no question of fact is involved. In such cases, pure questions of law are involved (*Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198). The circumstances of this case fit the above-stated criteria. Therefore, the remedy of a declaratory judgment rather than a judgment in the nature of prohibition lies. Turning now to the merits of this case, section 753 of the Family Court Act directs that, upon an adjudication of juvenile delinquency, the court shall make one of four dispositions: (1) suspend judgment, (2) continue the proceeding and place the child in its own home or in the custody of a suitable relative

or other person, the Commissioner of Social Services, or an authorized agency such as a State training school or a youth opportunity center, (3) place the child on probation or (4) commit the child " in accord with section seven hundred fifty-eight." Subdivision (a) of section 758 provides that commitment may be " to the care and custody of an institution suitable for the commitment of a delinquent child maintained by any subdivision of the state, to a commissioner of social services, or to an authorized agency, subject to the further orders of the court." Petitioner raises no challenge to these dispositions. However, and here is the heart of the case, subdivision (b) of section 758 provides that a male juvenile may be committed to the Elmira Reception Center if he is adjudicated delinquent for commission at age 15 of an act (like murder) which, if committed by an adult, would be a class A or B felony. The Elmira Reception Center is a medium security correctional facility administered by the State's Department of Correction and serves to receive, process and classify newly arrived prisoners. It may also be the final detention place for those sentenced as youthful offenders under CPL 720.25. A 15-year-old committed to Elmira under subdivision (b) of section 758, like an older child (youthful offender) or an adult, can be transferred to other institutions upon proper findings by the Commissioner of Correction (Correction Law, § 23). No commitments under either subdivision of section 758 may exceed three years. Petitioner here urges that denial of a jury trial to a juvenile subject to possible commitment to Elmira is unconstitutional or, alternatively, that subdivision (b) of section 758 is unconstitutional insofar as it permits commitment to Elmira without a jury trial. I find petitioner's constitutional claim to be most impressive. *Matter of Gault* (387 U. S. 1) ruled that a juvenile, notwithstanding his tender years and the need for special treatment, had the same right as any adult to a notice of charges, to representation by counsel, to *Miranda* rights (*Miranda* v. *Arizona,* 384 U. S. 436), to confrontation, to cross-examination of witnesses and to protection against self incrimination. In the case of *Matter of Winship* (397 U. S. 358), the court held that, since the reasonable doubt standard was of constitutional dimension, juveniles, like adults, were constitutionally entitled to proof beyond a reasonable doubt, rather than preponderance of evidence, in criminal prosecutions. Finally, *Baldwin* v. *New York* (399 U. S. 66) and *Duncan* v. *Louisiana* (391 U. S. 145) provided that anyone who can be incarcerated for more than six months is entitled to a jury trial. Thus, from *Gault* and *Winship* juveniles appear to have rights to due process like adults and by *Duncan* and *Baldwin* their rights to due process have been held to include the right to trial by jury. This notwithstanding that our Court of Appeals and later the Supreme Court of the United States have said that juvenile court proceedings do not constitutionally require jury trials. It was felt that improvement of the court system was the only answer (*Matter of Daniel D.,* 27 N Y 2d 90, cert. den. 403 U. S. 926; *McKeiver* v. *Pennsylvania,* 403 U. S. 528). In a masterly opinion written by Judge GURFEIN (*United States ex rel. Murray* v. *Owens,* 341 F. Supp. 722, revd. 465 F. 2d 289, cert. den. 409 U. S. 1117), it was held that confinement pursuant to subdivision (b) of section 758 of the Family Court Act to a correctional facility used for adult prisoners, without a jury trial, constituted a denial of due process. The Court of Appeals, Second Circuit, in reversing, was of the opinion that *McKeiver* precluded jury trial for juveniles and that the three-tier scheme under which (1) juveniles 14 years of age and under could not be sent to an adult correctional facility, (2) youths 16 years of age and over were afforded the right to a jury trial and (3) only 15 year olds could be denied a jury

trial and sent to an adult correctional facility was not without reasonable relation to permissible statutory goals and did not arbitrarily single out and deny equal protection of the laws to 15 year olds. I agree with Judge Gurfein and disagree with the reasoning of the Court of Appeals, relied upon by the majority of the court on the case here under review. It should be noted that *Murray* first arose in our State courts (see *Matter of Robert M.*, 37 A D 2d 527, mot. to dsmd. app. granted 29 N Y 2d 649). The Appellate Division, First Department, did not discuss the jury trial issue and the Court of Appeals affirmed without opinion. Even though it was held in *McKeiver* v. *Pennsylvania* (*supra*) that in general there is no Federal constitutional requirement of a jury trial in a juvenile delinquency case and held in *Matter of Daniel D.* (*supra*) that there is no State requirement, I have grave doubts as to the constitutionality of a proceeding which might result in a commitment to the Elmira Reception Center without a trial by jury. The instant case is distinguishable from the two previously cited cases. In *McKeiver*, all of the respondents, except respondent Terry, had been placed on probation. The opinion does not discuss the facility to which he was sent; therefore no comparison can be made between that facility and Elmira. In *Matter of Daniel D.* (*supra*) the finding was of reckless endangerment, which is neither a class A nor class B felony. Further, section 2 of article I of the New York State Constitution provides in part that "trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever" and *McKeiver* recites (403 U. S. 528, 547, *supra*): "The States, indeed, must go forward. If, in its wisdom, any State feels the jury trial is desirable in all cases, or in certain kinds, there appears to be no impediment to its installing a system embracing that feature." If appellant's position be correct, as the majority of this court holds, then a 15 year old can go to jail for three years without having been afforded a jury trial. Those younger cannot be sent to jail and those older are afforded a jury trial. Our State Constitution prohibits such a result. I do not mean to say that the State cannot hold the child responsible as a criminal. It can if it wants to. But the moment the State treats the child as a criminal, then the child has a constitutional right to the safeguards that are accorded under the Constitution to all those accused of crimes, without regard to age. One of such rights is a jury trial. If, conversely, the People decide to accord juvenile delinquency treatment and have a fact-finding hearing by a Judge without a jury, then the juvenile must be sentenced as such. The choice of which position to take is with the People, but they may not be ambivalent and try a 15 year old as a juvenile and sentence him as an adult. There is a suggestion in the opinion by the Court of Appeals for the Second Circuit (*United States ex rel. Murray* v. *Owens*, 465 F. 289, 294, *supra*) that those children who come within the scope of subdivision (b) of section 758 of the Family Court Act are hardened criminals who are not subject to rehabilitation. Further, they would so infect the State training schools where younger juvenile delinquents are detained that such younger children would be adversely affected and be released — not rehabilitated — but well versed in the ways of crime. There is no basis in logic or in fact for such conjecture. Indeed, it may well be that an older child, who is a subject for incarceration in an adult correctional facility, has otherwise led an exemplary life and would be a prime candidate for successful social rehabilitation. On the other hand, those children under the age of 15 years may be recidivistic, assaultive individuals who would adversely affect the other children, regardless of age. Some of their crimes may have been equally or more vicious than the one with which we are presently dealing.

In conclusion, the view advanced by the Federal Court of Appeals and the majority of this court appears to create a rule of law that 15-year-old children found guilty, by a court, of serious crimes (class A or B felonies) are socially irredeemable individuals upon whom the rehabilitative instruments of society should not be employed.