In the Matter of GEORGE S., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, May 9, 1974.

*Adrian P. Burke, Corporation Counsel* (*Milton H. Harris* and *Alfred Weinstein* of counsel), for appellant.

*William E. Hallerstein* and *Charles Schinitsky* (*Michael Gage, Debora Ginsberg* and *Kay Thompson* of counsel), for respondent.

LANE, J. The respondent, alleged to be a juvenile delinquent, was granted a jury trial by a Judge of the Family Court. We find this ruling to be in error.

A juvenile delinquent has no Federal constitutional right to a trial by jury in the adjudicatory stage (*McKeiver* v. *Pennsylvania*, 403 U. S. 528; *United States ex rel. Murray* v. *Owens*, 465 F. 2d 289 [2d Cir.]), nor is such a trial mandated by the New York State Constitution (cf. *Matter of D.* [*Daniel*], 27 N Y 2d 90, 94, cert. den. 403 U. S. 926). The prime rationale for denying a juvenile the right to a jury trial is that it would be a disruptive, formalizing influence upon a proceeding intended to be intimate, informal and protective (see *Matter of D.* [*Daniel*], *supra*, p. 95 and authorities cited thereat).

Furthermore, the differentiation between 14-, 15- and 16-year-olds, allowing only the 16-year-old the possibility of a jury trial, arises out of the fact that 16-year-olds are committed through the adult criminal process (see, e.g., CPL 720.10, subd. 1; 720.15; 1.20, subd. 1; 260.10). There is a rational basis for the demarcation of the age of 16 as warranting limited adult treatment and such distinction cannot therefore be labeled as invidious discrimination warranting interference by the court (*United States ex rel. Murray* v. *Owens*, *supra*, p. 293).

Accordingly, the order of the Family Court, New York County (KRAM, J.), entered February 5, 1974, which granted a jury trial, should be unanimously reversed on the law without costs and the matter remanded for proceedings consistent with this opinion.

McGIVERN, P. J., MARKEWICH, NUNEZ and TILZER, JJ., concur.

Order, Family Court of the State of New York, New York County, entered on February 5, 1974, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for proceedings consistent with the opinion of this court filed herein.