Stanley Gartenstein, J.
The court is presented with a motion for trial by jury in this juvenile delinquency proceeding brought under the designated felony provisions of the Juvenile Justice Reform Act of 1976 effective February 1, 1977 (L 1976, ch 878).
The petition before the court alleges that on or about March 4, 1977 at 6:20 p.m., respondent did commit an act which if committed by an adult would constitute the crime of murder in the second degree, a designated felony under the new *174 statute. It is claimed that inasmuch as the potential deprivation of liberty is for a period of up to five years, with a minimum statutory period of secure detention, that this "minimum sentence”, being in excess of the six-month delineated limit specified in Baldwin v New York (399 US 66) a jury trial is mandated and deprivation thereof renders the statute constitutionally defective.
Inasmuch as this issue is of novel impression under the provisions of the new statute, the court must interpolate from prior constitutional and appellate holdings which were applicable to section 758 of the Family Court Act providing for a three-year commitment of a 15-year-old juvenile in certain specified crimes to the Elmira Reception Center, an adult criminal facility since abolished in favor of the new statute. Briefly, these holdings may be summarized:
McKeiver v Pennsylvania (403 US 528) which upheld the denial of trial by jury in juvenile proceedings as being consonant with the informality usually associated therwith and designed to eliminate a disruptive and formalizing force (decided on Fourteenth Amendment grounds under the United States Constitution);
Matter of Daniel D. (27 NY2d 90, cert den 403 US 926) which held that a jury trial is not mandated by the New York State Constitution in juvenile proceedings;
United States ex rel. Murray v Owens (465 F2d 289, cert den 409 US 1117) which held that a juvenile could be commited to an adult correctional facility without jury trial while youths 16 and over received the benefit of trial by jury before commitment to the same facility (based upon valid basis for classification);
Matter of George S. (44 AD2d 352, 353) reversing an order of this court granting trial by jury and upholding the New York statute denying same based upon a "rational basis for the demarcation of the age of 16”, relying upon McKeiver v Pennsylvania, (supra); United States ex rel, Murray v Owens (supra); Matter of Daniel D. (supra);
Matter of Janet R. v Cory (44 AD2d 599) to similar effect reversing an order of the Supreme Court, Richmond County, which granted prohibition against enforcement of the Elmira commitment provisions of section 758 of the Family Court Act in the absence of trial by jury.
In considering the issue of a valid basis for classification and *175 the views of our highest court on that issue, the court is also mindful of the unanimous holding of the Court of Appeals in People ex rel. Wayburn v Schupf (39 NY2d 682) which upheld preventive detention of juveniles based upon a valid basis for classification between juveniles and adults as well as the strong views expressed therein concerning the need for protection of society. This holding was apparently the pioneer recognition by the Court of Appeals of this need to protect society, a public policy thereafter codified by the Legislature in section 711 of the Family Court Act.
It is argued that the imposition of a minimum so-called "sentence”, in excess of the six-month touchstone delineated in Baldwin v New York (supra) mandates trial by jury. This argument does violence to the actual holding in McKeiver v Pennsylvania (supra) and to the fact that the United States Supreme Court had the very same issue in United States ex rel. Murray v Owens (supra) presented to it subsequent to Baldwin, and rejected it by refusing to grant certiorari.
Moreover, we are persuaded that if a period of commitment in excess of the six-month demarcation point fixed by Baldwin is valid in an adult penal institution as upheld in United States ex rel. Murray v Owens that it is certainly valid when the commitment is in a juvenile facility provided for by the new statute in which the juvenile will not be commingled with adult criminals. Finally, we reject any argument to the effect that the new statute under attack prescribes a mandated minimum "sentence” as opposed to the former provisions of section 758 of the Family Court Act under which the three-year commitment was not a mandated minimum sentence and release could be effectuated earlier. The court finds no distinction. In testing constitutionality of a suspected offensive statute, its potential maximum mischief rather than lesser probabilities are the unit of measure.
The fact that we are not convinced of the wisdom of the new statute does not give us the prerogative of disturbing its scheme by engrafting our personal views thereon, and finding a constitutional issue where none exists. It is sufficiently sad that New York State which already had one of the most restrictive statutes dealing with juveniles prior to the amendment has chosen to restrict it even further. This is the absolute prerogative of a State which need not even provide for a separate juvenile justice system in the first instance. To be sure, society is entitled to protection and the juvenile *176 system is the result of a noble social experiment which we seem intent on abandoning. If and when New York, so enlightened otherwise, does so, as now appears inevitable, the real tragedy will lie in the fact that rehabilitation was never given a fighting chance — that "conscience money” in lieu of genuine commitment and proper facilities characterized it and ultimately sounded its death knell.
Motion denied.