(No. 23597.—■■■■■■■■■■■■■)

The A. B. C. Electrotype Company *et al.* Appellees, *vs.*
K. L. Ames, Director of Finance, *et al.* Appellants.

*Opinion filed October 27, 1936.*

Wilson, J., dissenting.

Otto Kerner, Attorney General, (Montgomery S.
Winning, and William C. Clausen, of counsel,) for
appellants.

John R. McSweeney, (Harry A. Silverstein, and
Ben Copple, of counsel,) for appellees.

Mr. Justice Shaw delivered the opinion of the court:

Plaintiffs (appellees) are engaged in making electro-
types, stereotypes and matrices for the use of their custom-
ers, the products being reproductions of type or patterns
supplied by the customers. It appears from the record
that an electrotype or stereotype is a reproduction cast in
metal and mounted on a wooden base. A matrix is a
reproduction made on blotting paper which the customer
has his printer use by pouring melted type-metal thereon,
thus obtaining metal reproductions which can be used on
printing presses. Printers, newspapers and advertisers use
this means of making further reproductions, insuring uni-

formity in printing, and permitting the making of large quantities of printed matter from one setting of type or one pattern. The Department of Finance, through its director, made a ruling which made the Retailers' Occupation tax applicable to plaintiffs' business, and this litigation started by complaint to enjoin the collection of that tax. There was a complaint, answer and agreed statement of facts, and there is nothing in dispute except the applicability of the act. It clearly appears that except for salvage value the materials involved are of no use to anyone other than the customer for whom the stereotype or electrotype is made, and that the salvage value is nothing in case of matrices and almost nothing in case of electrotypes and stereotypes. In the process of manufacture these materials represent from five to twelve per cent of the sum paid by the customer who furnishes the type-matter for reproduction. The trial court entered a decree in conformity with the prayer of the bill, and this appeal is prosecuted by the Department of Finance.

The trial court held, and we agree, that there is no substantial difference in principle between this case and *Burgess Co. v. Ames,* 359 Ill. 427. In this case, as in that one, the small quantity of tangible material which is used in the operation is practically destroyed and has no further use or value to anyone other than the customer who ordered that particular reproduction. What the customer really pays for is the skill, labor and use of the machinery and equipment of the electrotyper. The electrotyper is engaged in the business of furnishing that skill and labor and the use of that machinery—not in the sale of tangible personal property at retail.

The judgment of the circuit court of Cook county will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WILSON, dissenting.