**MERCHANTS FAST MOTOR LINES, INC., Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, et al., Appellees.**

**No. 12490.**

Court of Civil Appeals of Texas, Austin.

March 9, 1977.

Rehearing Denied March 30, 1977.

Frederick M. Schattman, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen., Michael E. Stork, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

Merchants Fast Motor Lines, Inc., a common carrier, brought this lawsuit to recover taxes paid under protest, in the amount of $20,681.56, after the Comptroller of Public Accounts assessed the taxes on cigarettes not delivered on portions of shipments transported by the carrier.[1]

The taxes were levied upon cigarettes lost by, or stolen from, Merchants Fast Motor during transportation of the products from one point to another within the state. It is undisputed that Merchants did not own the products lost and was liable to the shipper of the products for reimbursement to the full value of the products lost.

The Comptroller contends that the carrier is liable for the taxes because loss of the cigarettes in transit constituted a "first sale" under terms of Article 7.01(8), as amended in 1969 to add provisions relating to loss. (Art. 7.01 (8), Title 122A, Taxation-General; Acts 1969, 61st Leg., 2nd C.S., p. 61, ch. 1, art. 2, secs. 2, 3).

That section provides in full:

"(8) 'First Sale' shall mean and include the first sale or distribution of cigarettes in intrastate commerce, or the first use or consumption of cigarettes within this State, or the loss of cigarettes in this State whether by negligence, theft, or any other unaccountable loss."

Trial was before the court without a jury, after which the court entered judgment that Merchants take nothing by its suit. The carrier appeals and brings the single point that the court erred in holding that appellant was a party against whom the Comptroller could assess and collect cigarette taxes for cigarettes lost by, or stolen from, appellant in transit, pursuant to Article 7.01(8).

We will sustain appellant carrier's point of error, reverse judgment of the trial court, and render judgment allowing recovery of taxes paid under protest.

The Comptroller contends that Merchants, a common carrier authorized to transport general commodities intrastate in Texas including commodities moving in interstate commerce, is a "distributor" of cigarettes as that term is defined by the Cigarette Tax Law in Article 7.01(13), although Merchants is not licensed as a *distributor* as required by Article 7.09(1)(2), a prerequisite to making legal commercial sales of cigarettes. Merchants argues that it is a bailee for hire and is not in the business of selling or distributing cigarettes, but only in the business of transporting cigarettes and other general commodities for hire. Not being licensed as a *distributor*, Merchants does not make and deliver to the Comptroller monthly reports showing cigarettes received and on hand, the number of stamped and unstamped cigarettes purchased and received, and other vital information as required of licensed distributors under Article 7.17.

The Cigarette Tax Law does require by Article 7.28 all "common and contract carriers" who transport cigarettes in this State to " . . . keep a *complete record*[2] . . . of all cigarettes so transported or handled which record shall show separately for each transaction the name of the consignor and consignee, the date of delivery, and the number or quantity of cigarettes transported or handled." The statute further requires that this record " . . . together with all other books or records . . . in the custody of said carriers showing the shipment of cigarettes shall be open to the inspection at all times of the Comptroller,

1. Suit was filed under provisions of Article 1.05, Title 122A, Taxation-General, and Article 7057b, Title 122, Taxation, against statutory defendants, the Comptroller of Public Accounts, the Attorney General, and the State Treasurer, who in this opinion will be designated generally as the Comptroller.

2. Other tax statutes of the State also require carriers to keep records of taxable commodities received and transported, together with names of shippers and consignees, dates of transporting, and other data useful to the Comptroller in following taxable goods and collecting the taxes: Article 4.04(7), Occupation Tax on Oil; Article 8.19, Cigars and Tobacco Products Tax; Article 9.11, Motor Fuel Tax; all under Title 122A, Taxation-General.

Attorney General, and their authorized representatives . . . " (Emphasis added).

It was from such records and books, maintained by Merchants in compliance with Article 7.28, that the Comptroller made the assessment of taxes contested in this lawsuit, and particularly from Merchants' record of claims made by consignors and consignees because of losses while the cigarettes were in transit. The record does not disclose that in any instance of these losses the Comptroller levied the tax against a consignor or an assignee licensed and operating in the chain of distribution of cigarettes in Texas.

The Comptroller argues that Merchants is a *distributor* within the meaning of Article 7.01(13) because as a carrier of the cigarettes Merchants had custody and control of the cigarettes " . . . which would seem to indicate that it [Merchants] had acquired or possessed enough rights over the cigarettes to bring it under the definition of 'distributor,' and make it liable for the tax."

Article 7.10 exempts a carrier from the statutory requirement there imposed that "Every person, other than a . . . common carrier, *shall before receiving or accepting delivery of any cigarettes without stamps* affixed to evidence the payment of the tax, obtain from the Treasurer . . . " the stamps necessary to place on the cigarettes, and possession of the unstamped cigarettes is made *prima facie* evidence, that the cigarettes " . . . are possessed for the purpose of making a 'first sale' . . . " (Emphasis added).

The statute, as amended in 1971, further requires "Every *distributor* . . . [to] cause *all cigarettes received by him* to have the requisite denominations and amount of stamps affixed . . . within ninety-six (96) hours, excluding Saturdays, Sundays, and legal holidays, *after receiving delivery* of them." (Emphasis added).

The Comptroller's insistence that Merchants is a *distributor* of cigarettes under the Cigarette Tax Law is an assertion directly in conflict with provisions of Article 7.10. For Merchants, as a carrier, expressly exempt from the burden of possession "for purpose of making a 'first sale' " in event of delivery to Merchants of unstamped cigarettes, may not be required as an alleged "distributor" to affix stamps on unstamped cigarettes within 96 hours "after receiving delivery of them." It seems clear from this statute, as well as from the whole structure of the Cigarette Tax Law, that carriers are not required to double in brass and play distributor as well as carrier.

The State takes the position that "even though Appellant is a 'distributor' within the terms of the statute this issue is not determinative of the case." In support of this contention the Comptroller advances the argument that Article 7.27, which gives the Comptroller authority, in determining "the tax liability of a distributor, wholesale dealer, retail dealer, distributing agent or any other person *dealing in cigarettes*," to make certain inspections of premises and records, expresses a legislative intent to tax Merchants as an entity "dealing in cigarettes."

To say that a person is *dealing* in a commodity, such as cigarettes, implies that in so doing the person is a *dealer*. Merchants is not licensed as a *dealer* within any licensing term of the Cigarette Tax Law. To be lawfully *dealing in cigarettes*, Merchants necessarily would hold a license as *Distributor, Wholesale Dealer, Retail Dealer*, or *Distributing Agent*, as defined by Article 7.01(13)(14)(15)(16). It is undisputed that Merchants holds no license under the Cigarette Tax Law, but is licensed only as a carrier of commodities under authority of the Railroad Commission.

It appears settled that in commerce *dealing* in a commodity means to negotiate, or make bargains, in respect to that commodity, and to traffic in the goods as buyer or seller. *Dealing* has as a purpose accomplishment of change, from one person to another, of an interest in or title to the commodity. The general understanding is that *dealing* in goods or commodities means buying and selling for purpose of gain. See 17 C.J. Dealer p. 1154 et seq.; 25A C.J.S. *Deal* pp. 530 et seq.

(1966). In hauling cigarettes, Merchants was without contractual authority to buy or sell the cigarettes, and had no statutory authority with respect to cigarettes, except to transport the cigarettes from shipper to consignee. Merchants was not "dealing in cigarettes" as that term is used in Article 7.27.

The Comptroller seeks to place Merchants in this case in the same position as a distributing agent, held for taxes on shortage of cigarettes in the agent's possession, in a case decided by the Supreme Court in 1973. *Calvert v. Zanes-Ewalt Warehouse, Inc.*, 502 S.W.2d 689 (Tex.Sup.1973).

In that case the Supreme Court stated: "Under review here are these provisions of the Cigarette Tax Law *to which Zanes-Ewalt became subject as a licensed distributing agent . . .* " (Emphasis added). The Court, later in its opinion, pointed out: "Zanes-Ewalt had notice of, and *became subject to, the statutory requirements when it annually applied for and was granted State license to engage in the statutorily defined business of a distributing agent . . .* This was a hazard of doing business as a *distributing agent* known to Zanes-Ewalt." (Emphasis added).

The Supreme Court in effect held that since Zanes-Ewalt was acting in a licensed capacity under the Cigarette Tax Law, in the chain of distribution provided by statute to move cigarettes "between the tobacco companies and their distributors who affix the stamp," the company as a licensed distributing agent was liable for the tax on cigarettes lost or otherwise unaccounted for.

Merchants occupies no licensed place in the chain of distribution established by the Cigarette Tax Law so as to make it subject to the law in like manner with the licensed persons "dealing in cigarettes." It seems clear, under the facts as stated in *Zanes-Ewalt*, that the distributing agent there was "dealing in cigarettes" within the meaning of Article 7.27. As heretofore stated, we are unable to find any function performed by Merchants as a carrier which would constitute "dealing in cigarettes" under the Cigarette Tax Law. The Legislative purpose, with respect to imposing the tax at the "first sale," is expressed in Article 7.06:

"The tax shall be paid only once by the person making the 'first sale' . . . and shall become due and payable as soon as such cigarettes are subject to a 'first sale' in Texas, *it being intended to impose the tax as soon as such cigarettes are received by any person in Texas for the purpose of making a 'first sale' of same.*" (Emphasis added).

It cannot be said that Merchants as a carrier received the cigarettes "for the purpose of making a 'first sale' of same." The Cigarette Tax Law does not make the carrier an agent or representative of the State to collect cigarette taxes for the State, such collectors being only those licensed under Chapter 7. See *Daywood v. Calvert*, 478 S.W.2d 152 (Tex.Civ.App. Austin 1972, writ ref'd n. r. e.).

Review of the entire Cigarette Tax Law fails to reveal a clear intent of the Legislature to include carriers as persons or entities subject to the tax. It is an established rule that in construing a tax statute, where the question is whether the person or entity sought to be held for the tax comes within the provisions imposing the tax, " . . . the statute must be construed strictly against the taxing authority and liberally in favor of the person [or entity] sought to be held." *Texas Unemployment Compensation Commission v. Bass*, 137 Tex. 1, 151 S.W.2d 567, 570 (1941); *State v. Kenyon*, 153 S.W.2d 195, 199 (Tex.Civ.App. Austin 1941, writ ref'd).

Viewing the Cigarette Tax Law broadly, it appears that the Legislature intended to make tax collectors of the *licensed persons and entities* named in the law and to hold them responsible for payment of the tax, but was silent about making tax collectors of the *carriers* or holding them for payment of the tax. In construing the statutory reach of the tax, we follow the rule that the tax law will be construed with strictness against the taxing

authority. *Wilson Communications, Inc. v. Calvert*, 450 S.W.2d 842, 844 (Tex.Sup.1970).

We hold that Merchants, as a carrier and not licensed for any purpose under the Cigarette Tax Law, was not subject to the taxes assessed by the Comptroller and is entitled to refund of such taxes paid under protest.

Judgment of the trial court is reversed. Judgment is rendered that appellant recover the taxes paid under protest.

Reversed and Rendered.