Bob **BULLOCK, Comptroller of Public Accounts, et al., Appellants,**

v.

**RAMADA TEXAS, INC., Appellee.**

No. 12998.

Court of Civil Appeals of Texas, Austin.

Aug. 22, 1979.

Rehearing Denied Sept. 14, 1979.

---

Mark White, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellants.

Richard F. Smith, Wynne & Jaffe, Dallas, for appellee.

O'QUINN, Justice.

The controlling issue in this case is whether the Texas Hotel Occupancy Tax is applicable to rental of rooms or spaces situated in any building or buildings owned by a hotel, but not in a building in which the public may obtain sleeping accommodations.

Ramada Texas, Inc., brought this suit to recover hotel occupancy taxes paid under protest pursuant to Article 1.05(2), Title 122A, Taxation-General. Ramada alleged and contended at trial that the hotel occupancy tax levied under Article 23.02(a) is not applicable to rooms or space located in a building owned by the hotel which does not afford sleeping accommodations.

This contention is based on the definition of "hotel" in Article 23.01(a) limiting "hotel" to " . . . mean any building or buildings in which the public may, for a consideration, obtain sleeping accommodations." The spaces upon which occupancy taxes were paid under protest in this case were banquet halls or meeting rooms within buildings owned by Ramada but in which buildings no sleeping accommodations were provided or were available.

Trial before the court without a jury resulted in judgment that Ramada recover $2,495.98 with interest in hotel occupancy taxes paid under protest. The State appeals and brings three points of error. We will overrule the points of error and affirm judgment of the trial court.

The Legislature enacted the "Hotel Occupancy Tax" as Chapter 23 of Title 122A, Taxation-General, in 1959. (Acts 1959, 56th Leg., 3rd C.S., p. 187, ch. 1). Since its enactment in 1959, Chapter 23 has not been amended by the Legislature, and its provisions, consisting of Articles 23.01 through 23.07, have not been construed in any reported case. Although attorneys general have issued written opinions on six occasions, only one opinion, published in 1959, pertains directly to the issue in this cause.

The Attorney General in 1959 officially advised the Comptroller of Public Accounts that, "The character of accommodations taxed under the new hotel occupancy tax is not limited to sleeping rooms, but is not collectible on buildings physically separated from the hotel not used for letting sleeping accommodations." (Opinion No. WW–706, September 21, 1959).

The parties in the present lawsuit are in agreement that the banquet halls or rooms upon which the Comptroller assessed hotel occupancy taxes are located in buildings separated from other buildings owned by the hotel, and the banquet or meeting rooms or spaces are not in any building " . . . *in which the public may,* for a consideration, *obtain sleeping accommodations."* Art. 23.01(a). (Emphasis added).

Article 23.02 levies " . . . a tax upon the cost of occupancy of any *room or space* furnished by any hotel where such *cost of occupancy* is at the rate of Two Dollars ($2) or more per day . . ." Article 23.01(c) defines *occupancy* as " . . . the use or possession, or the right to the use or possession of any room or rooms *in a hotel* for any purpose." Under Article 23.01(a) the term *hotel* as used in the tax Act means " . . . any building or buildings *in which the public may, for a consideration, obtain sleeping accommodations.* The term shall include hotels, motels, tourist homes, houses or courts, lodging houses, inns, rooming houses, or other buildings where rooms are furnished for a consideration . . ." (All emphasis added).

Construing the term hotel strictly as defined by the Legislature, it is apparent that "any room or space" furnished for occupancy must be located, in order to be subject to the occupancy tax, in a building

described as a "hotel", that is, where the public may "obtain *sleeping accommodations.*"

■ Where a question of *exemption* from taxation is involved, the statute must be construed liberally in favor of the taxing authority, and strictly against the person claiming the exemption; but, to the contrary, where the question involved, as in this lawsuit, is whether the entity upon which the tax is sought to be imposed comes within the statutory provisions imposing the tax, the statute must be construed strictly against the taxing authority and liberally in favor of the entity sought to be held. *Texas Unemployment Compensation Commission v. Bass,* 137 Tex. 1, 151 S.W.2d 567, 570 (1941), approving decision of the Eastland Court of Civil Appeals in 142 S.W.2d 406, 408 (1940).

This Court, in construing tax statutes, has repeatedly adhered to the doctrine that where the question arises as to whether the entity sought to be taxed comes within the statutory provisions imposing the tax, the statute must be construed strictly against the taxing authority and liberally in favor of the entity sought to be held. *Statistical Tabulating Corporation v. Bullock,* 538 S.W.2d 259, 261 (Tex.Civ.App. Austin 1976, affirmed 549 S.W.2d 166, 169); *Merchants Fast Motor Lines, Inc. v. Bullock,* 548 S.W.2d 478, 482 (Tex.Civ.App. Austin 1977, writ ref'd n.r.e.).

■ Under Chapter 23 the "Hotel Occupancy Tax" is levied on cost of occupancy, meaning "any room or rooms in a hotel," and the hotel, for purposes of the tax, is defined to "mean any building or buildings in which the public may . . . obtain sleeping accommodations." We conclude that the Attorney General in 1959 correctly advised the Comptroller then in office that the tax was not collectible on rooms in buildings physically separated from hotel buildings used for "letting sleeping accommodations."

Although Article 23.05 authorizes the Comptroller " . . . to make such rules and regulations as are necessary *to effec-*

*tively collect the tax levied* herein . . ." the Legislature did not empower the Comptroller to make rules and regulations inconsistent with, or in direct contravention of, the statutes levying the tax. (Emphasis added). In 1975 the Comptroller established rules and regulations providing that "Accommodations taxed under the Hotel Occupancy Tax Law are not limited to sleeping rooms. The tax will be collected for meeting rooms and banquet rooms located physically within the Hotel or Motel *complex.*" (Emphasis added). (Rule 026.-02.23.002(h), effective December 29, 1975).

Chapter 23 makes no reference to complexes, multi-unit hotels, or other like establishments. The statute deals expressly with any building or buildings "in which the public may, for a consideration, obtain sleeping accommodations," in defining a *hotel.* The tax is not levied on occupancy or use of any room or space not located in a *hotel* as that term is thus defined. The authority delegated by the Legislature to the Comptroller is to make rules and regulations necessary to *collect the levied tax effectively* and did not include additional power to amend the statute levying the tax.

The judgment of the trial court is affirmed.